**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

____________ District of Delaware (State)

Case number (*If known*): ____________ Chapter 7

❑ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name** DryStone Capital Corporation

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN) 52-2222230

4. **Debtor's address**

   **Principal place of business**

   Stone Hill
   Number Street

   40 Springwish Lane

   Flint Hill VA 22627
   City State ZIP Code

   Rappahannock
   County

   **Mailing address, if different from principal place of business**

   Number Street

   P.O. Box

   City State ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number Street

   City State ZIP Code

5. **Debtor's website** (URL) https://drystonecapital.com/

Debtor DryStone Capital Corporation
Name

Case number (*if known*) ____________________

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: ____________________

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5 2 4 2

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☒ Chapter 7
☐ Chapter 9
☐ Chapter 11. *Check **all** that apply*:

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes. District ____________ When ____________ Case number ____________
MM / DD / YYYY
District ____________ When ____________ Case number ____________
MM / DD / YYYY

Debtor DryStone Capital Corporation
Name

Case number (if known)____________________

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes. Debtor ________________ Relationship ________________

District ________________ When ________________ MM / DD / YYYY

Case number, if known ________________

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? ________________

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ________________

**Where is the property?**________________
Number Street

________________

________________
City State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency ________________

Contact name ________________

Phone ________________

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor DryStone Capital Corporation
Name

Case number (if known)

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☒ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/26/2026
MM / DD / YYYY

✘ Cloyd Laporte III
Signature of authorized representative of debtor

Cloyd Laporte III
Printed name

Title Authorized Signatory

**18. Signature of attorney**

✘ /s/ Aaron H. Stulman
Signature of attorney for debtor

Date 10/26/2026
MM / DD / YYYY

Aaron H. Stulman
Printed name

Ice Miller LLP
Firm name

500 Delaware Avenue, Suite 220
Number Street

Wilmington | DE | 19801
City | State | ZIP Code

(302) 313-0600
Contact phone

aaron.stulman@icemiller.com
Email address

5807 | DE
Bar number | State

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| DRYSTONE CAPITAL CORPORATION | Case No. 26- ( ) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FED. R. BANKR. P. 1007(A)(1) AND RULE 7007.1**

Pursuant to Federal Rules of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☒ None [check if applicable]

**Fill in this information to identify the case and this filing:**

Debtor Name DryStone Capital Corporation

United States Bankruptcy Court for the: ________________ District of Delaware (State)

Case number (*If known*): ________________

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/26/2026
MM / DD / YYYY

✘ /s/ Cloyd Laporte III
Signature of individual signing on behalf of debtor

Cloyd Laporte III
Printed name

Authorized Signatory
Position or relationship to debtor

**RESOLUTION OF THE BOARD OF DIRECTORS OF DRYSTONE CAPITAL CORPORATION**

October 19, 2026

A meeting of the Board of Directors (the "Board") of DryStone Capital Corporation (the "Company") was held virtually on October 19, 2026, starting at approximately 2:30 p.m. Eastern Time. All participants could hear and be heard by the other participants.

Board Members of DryStone Capital Corporation in attendance were: Messrs. Henry, Laporte, and O'Hara. Other parties present included: Rachel Albanese, Matthew Sorenson and Kyle Trevett of Debevoise & Plimpton LLP, counsel to the Company; Gerard Cicero of Brown Rudnick LLP, counsel to Messrs. Henry and Laporte; and Greg Doyle, Chief Underwriting Officer of the Company.

Upon a motion duly made and seconded, and acting pursuant to the organizational documents of the Company, the members of the Board took the following actions and adopted the following resolutions:

**WHEREAS**, the Board has had the opportunity to consult with the management and the advisors of the Company and consider each of the strategic alternatives available to the Company;

**WHEREAS,** the Board has determined that it is in the best interests of the Company and its creditors that the Company file a case under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS,** the Board has determined, based on its review of relevant materials and the advice of management and the Company's advisors, that it is advisable and in the best interests of the Company, its creditors, and other parties in interest for the Company to seek relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, and that commencement of such chapter 7 case is necessary or advisable to wind down and liquidate the affairs of the Company in an orderly manner for the benefit of its stakeholders;

**NOW**, it is hereby:

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company and its creditors that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 7 of the Bankruptcy Code;

**RESOLVED**, that each officer of the Company (an "Authorized Officer"), acting alone or with one or more other Authorized Officers be, and hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief;

**RESOLVED**, that each Authorized Officer, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to employ professionals to assist the Company in carrying out its duties under chapter 7 of the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and

**RESOLVED**, that in addition to the specific authorizations conferred here upon the Authorized Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, empowered, and directed in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, and other documents and future amendments, restatements, modifications, or other supplements to any of the foregoing and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of these resolutions;

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified; and

**RESOLVED**, that this written action of the Board may be executed in counterparts, each of which shall be deemed to be an original and all of which shall together constitute but one and the same instrument; and

**RESOLVED,** that a copy of this written action of the Board shall be filed with the minutes of the proceedings of the Board.

**IN WITNESS WHEREOF**, the undersigned have executed this consent of the Board of DryStone Capital Corporation, as of the date first set forth above.

John B. Henry
Director

Cloyd Laporte III
Director

Brian O'Hara
Director

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DRYSTONE CAPITAL CORPORATION<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |

**DISCLOSURES OF COMPENSATION OF ATTORNEY FOR DEBTORS**

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor (the "Debtor") and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, Ice Miller has agreed to accept .......................................... $10,000.00
Prior to filing this statement Ice Miller has received ...................................... $10,000.00
Balance due ........................................................................................... $0.00

2. The source of the compensation paid to me was Debtor, DryStone Capital Corporation.

3. The source of compensation to be paid to me is Debtor, DryStone Capital Corporation.

4. I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

5. Subject to any applicable local rule or court order, in return for the above-disclosed fee, I have agreed to render legal service for the following aspects of the bankruptcy case, except as excluded in Section 6:

a. Analysis of the Debtor's financial situation, and rendering advice to the Debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
c. Representation of the Debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d. Representation of the Debtor as may otherwise be required to advise the Debtor regarding its rights and responsibilities as debtors under chapter 7 of the Bankruptcy Code and the Bankruptcy Rules.

6. By agreement with the Debtor, the above-disclosed fee does not include the representation of the Debtor in any nondischargeability actions, judicial lien avoidances, relief from stay actions, or any other adversary proceedings or other contested bankruptcy matters, nor does it include any future non-bankruptcy representation.

[*Remainder of page intentionally left blank*]

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: October 26, 2026
Wilmington, Delaware

*/s/ Aaron H. Stulman*

**ICE MILLER LLP**
Aaron H. Stulman (No. 5807)
500 Delaware Avenue, Suite 220
Wilmington, Delaware 19801
Telephone: (302) 313-0600
Email: aaron.stulman@icemiller.com