**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DRYSTONE CAPITAL CORPORATION,<br><br>Debtor.<br>EIN: 52-2222230 | Chapter 7<br><br>Case No. 26-11680 (BLS) |

# GLOBAL NOTES, STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS, REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

The above-captioned debtor (collectively, the "**Debtor**") has filed its Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statement of Financial Affairs (collectively, the "**Statement**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes, Statement of Limitations, Methodology, Disclaimers, and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs* ("**Global Notes**") are incorporated by reference in, and comprise an integral part of, each of the Debtor's Schedules and Statement. These Global Notes (and any applicable specific notes) should be referred to and considered in connection with any review of the Schedules and Statement.

The Schedules and Statement are unaudited and reflect the Debtor's reasonable efforts to report certain financial information on a stand-alone, unconsolidated basis. The Schedules and Statement neither purport to represent a financial statement prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statement of the Debtor.

In preparing the Schedules and Statement, the Debtor relied on unaudited financial data and information derived from its books and records that was available and accessible at the time of such preparation. Although the Debtor made reasonable efforts to ensure the accuracy and completeness of the Schedules and Statement under the circumstances, based on information reasonably available at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statement, and inadvertent errors, inaccuracies, or omissions may have occurred. Accordingly, the Schedules and Statement remain subject to further review, verification, and potential adjustment by the Debtor. The Debtor reserves the right to amend the Schedules and Statement from time to time as may be necessary or appropriate; *provided*, that the Debtor and its directors, officers, agents, attorneys, financial advisors, professionals, and other advisors and representatives expressly do not undertake any obligation to

update, modify, revise, or recategorize the information provided herein, or notify or not notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law or order of the Court.

The Debtor and its directors, officers, agents, attorneys, financial advisors, professionals, and other advisors and representatives do not guarantee or warrant the accuracy or completeness of the data that is provided in these Global Notes or in the Schedules and Statement and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in these Global Notes and in the Schedules and Statement. In no event shall the Debtor or its directors, officers, agents, attorneys, financial advisors, professionals, and other advisors and representatives be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business, or lost profits), whether foreseeable or unforeseeable, and however caused, even if the Debtor or its directors, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statement have been signed by Cloyd Laporte III on behalf of the Debtor (and not in his individual capacity). Mr. Laporte is the Chief Operating Officer of the Debtor and is an authorized signatory for the Debtor. In reviewing and signing the Schedules and Statement, Mr. Laporte has relied upon the efforts, statements, and representations of personnel of the Debtor and the Debtor's legal and financial advisors. Mr. Laporte has not (and could not have) personally verified the accuracy of each statement and representation in the Schedules and Statement, including, for example, representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Disclosure of information in one or more Schedules, Statement, or exhibits or attachments to the Schedules or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statement, exhibits, or attachments. If the Schedules or Statement differ from any of the Global Notes, the Global Notes shall control.

The Schedules and Statement and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtor.

Without limiting the generality of anything contained in these Global Notes, the Debtor reserves all rights to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statement as to amount, liability, classification, or identity of the Debtor, or to otherwise designate any claim as "disputed," "contingent," or "unliquidated." Further, nothing contained in the Schedules, the Statement, or these Global Notes shall constitute a waiver of any of the Debtor's rights or an admission with respect to its chapter 7 case, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization, or recharacterization of contracts and leases, assumption or rejection of contracts and leases, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant or applicable laws to recover assets or avoid transfers.

## Global Notes and Overview of Methodology

1. **Description of Chapter 7 Cases**. On October 26, 2026 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under chapter 7 of the Bankruptcy Code

2. **"As Of" Information Date**. To the best of Debtor's knowledge, and except with respect to certain financial information or estimates that are updated less frequently than at each month's end, or as otherwise noted, certain of the information provided in the Schedules and Statement represents the asset and liability data of the Debtor as of either September 30, 2026 (the "**Information Date**") or the Petition Date, as specified in the Global Notes.

3. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statement, but inadvertent errors or omissions, as well as discovery of conflicting, revised, or subsequent information that may cause a material change to the Schedules and Statement, may exist. The Debtor reserves all rights to (i) revise, amend, and/or supplement the Schedules and Statement from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statement with respect to the description or designation of any claim against the Debtor ("**Claim**")[1]; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statement as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (iv) object to the extent, validity, enforceability, priority, or avoidability of any Claim (regardless of whether such Claim is designated in the Schedules and Statement as "disputed," "contingent," or "unliquidated"). Any failure to designate a Claim in the Schedules and Statement as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor. Furthermore, nothing contained in the Schedules and Statement shall constitute a waiver of rights with respect to Debtor's chapter 7 case, including issues involving Claims, substantive consolidation, defenses, equitable subordination, characterization or recharacterization of contracts and leases, assumption or rejection of contracts and leases, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, and any other relevant or applicable non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

4. **Basis of Presentation**. Information contained in the Schedules and Statement has been derived from the Company's books and records and historical financial statement. For financial reporting purposes, the Company generally prepares a consolidated financial statement, which includes financial information for the Debtor and certain non-Debtor affiliates. As a result, the Debtor has not historically accounted for its assets and liabilities on an entity-by-entity basis and the Schedules and Statement neither purport to represent a financial statement prepared in accordance with GAAP nor are they intended to be fully reconciled with the financial statement prepared by the Debtor. The Schedules and

[1] For the purposes of these Global Notes, the term Claim shall have the meaning set forth in section 101(5) of the Bankruptcy Code.

Statement contain unaudited information that is subject to further review and potential adjustment.

5. **No Admission**. Nothing contained in the Schedules, the Statement, or the Global Notes is intended to be or should be construed as an admission or stipulation of the validity of any Claim against the Debtor or any assertion made, or a waiver of the Debtor's rights to dispute any such Claim or assert any cause of action or defense against any party.

6. **Net Book Value of Assets and Liabilities**. Current market valuations are not maintained by or readily available to the Debtor. It would be prohibitively expensive and unduly burdensome for the Debtor to obtain current market valuations for its assets. Unless otherwise indicated, the asset information provided in the Schedules and Statement, except as may be otherwise noted, reflects net book values, as estimated by the Debtor, as of the Information Date, and the liability information provided in the Schedules and Statement, except as may be otherwise noted, reflects net book values, as estimated by the Debtor, as of the Information Date. Because the net book values of certain assets may materially differ from their fair market values, the Debtor has indicated that the value of certain assets is unknown or undetermined. The description of an amount as unknown or undetermined is not intended to reflect upon the materiality of such amount. Amounts ultimately realized may vary materially from net book value or any other value so ascribed. Accordingly, the Debtor reserves its rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statement, as necessary. For the avoidance of doubt, nothing contained in the Schedules and Statement is indicative of the Debtor's enterprise value. The omission of an asset from the Schedules and Statement does not constitute a representation regarding the economic value or ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtor with respect to such asset.

Net book values of assets generally do not reflect the current performance of the assets or the impact of the industry environment and may differ materially from the actual value and/or performance of the underlying assets.

7. **Recharacterization**. Notwithstanding the Debtor's reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statement, the Debtor may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items. Accordingly, the Debtor reserves all rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statement at a later time as is necessary or appropriate as additional information becomes available.

8. **Duplication**. Certain of the Debtor's assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Schedules and Statement. To the extent these disclosures would be duplicative, the Debtor has determined to only list such assets, liabilities, and prepetition payments once.

9. **Classifications**. Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E/F as "priority," (c) a Claim on Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor that such

claim is entitled to priority treatment, including under section 503 and/or section 507 of the Bankruptcy Code or a waiver of the Debtor's rights to recharacterize or reclassify such Claims or contracts or to setoff such Claims. For the avoidance of doubt, the Debtor reserves all rights to dispute the amount and/or the priority status of any claim on any basis at any time.

10. **Accounts Payable and Disbursement System**. The Debtor maintains a cash management system to collect and disburse funds in the ordinary course of business.

11. **Excluded Assets and Liabilities**. The Debtor may have excluded certain assets and liabilities in the Schedules and Statement that are otherwise included in its financial statement or books and records. Certain liabilities resulting from accruals, liabilities recognized in accordance with GAAP, and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported. Accordingly, they do not represent specific rights to payment or other claims as of the Petition Date and are not otherwise set forth in the Schedules. As further described below, certain deferred assets, charges, accounts, or reserves recorded for GAAP reporting purposes only, and certain assets with a net book value of zero, are not included in the Schedules. Other excluded categories of assets and liabilities include, but are not limited to, deferred tax assets and liabilities, deferred income, deferred charges, and rejection damage claims (if any) of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims may exist in the future. Other immaterial or de minimis assets and liabilities may also have been excluded.

12. **Personally Identifiable Information**. The Debtor may collect personally identifiable information from third parties. Examples of the types of information collected by the Debtor includes name, mailing address, telephone number, email address, personal identification numbers, among others. The Debtor retains such information only for the Debtor to comply with business, tax, and legal requirements, subject to applicable retention and deletion laws.

13. **Intellectual Property Rights**. The exclusion of certain intellectual property shall not be construed as an admission that such intellectual property or intellectual property rights are not owned by the Debtor, have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, other transaction, or have immaterial value. Accordingly, the Debtor reserves all its rights with respect to the legal status of any and all such intellectual property rights.

14. **Property Rights**. Exclusion of certain property rights, including without limitation intellectual, real, personal, or otherwise, from the Schedules and Statement should not be construed as an admission that such property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain property rights shall not be construed to be an admission that such property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or

other transaction. Accordingly, the Debtor reserves all of its rights with respect to the legal status of any and all property rights.

15. **Claims of Third-Party Related Entities**. Although the Debtor has made every effort to properly classify each Claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtor has not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtor's obligations to both such entity and its affiliates. Therefore, to the extent that the Debtor has classified its estimate of Claims of a creditor as disputed, all Claims of such creditor's affiliates listed in the Schedules and Statement shall similarly be considered as disputed, whether or not they are designated as such.

16. **Zero Dollar Amounts**. Amounts listed may also have unliquidated or undetermined components.

17. **Executory Contracts and Unexpired Leases**. The Debtor does not make, and specifically disclaims, any representation or warranty as to the completeness or accuracy of the information set forth in Schedule G. Accordingly, the Debtor reserves all rights with respect to the named parties of any and all executory contracts and unexpired leases, including the right to amend Schedule G. The Debtor further reserves all of its rights, claims, and causes of action with respect to the contracts, leases, and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Moreover, the inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, and the Debtor reserves all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated or otherwise suspended prepetition including, but not limited to, based on events of force majeure or due to impossibility or impracticability of performance.

18. **Guarantees and Other Secondary Liability Claims**. The Debtor has exercised reasonable efforts to locate and identify guarantees in its executory contracts, unexpired leases, financings, and other such agreements. The Debtor reserves its rights, but is not required, to amend the Schedules and Statement if additional guarantees are identified.

19. **Scheduled Claims**. Any failure to designate a Claim on the Debtor's Schedules and Statement as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtor reserves its rights to dispute or assert offsets or defenses to any Claim reflected on its Schedules and Statement on any grounds, including liability, priority, and classification. Additionally, the Debtor expressly reserves its rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtor.

20. **Estimates and Assumptions**. The preparation of the Schedules and Statement required the Debtor to make certain reasonable estimates and assumptions that affect the reported amounts and accruals of assets and liabilities and of contingent assets and contingent liabilities on the date of the Schedules and Statement, among other reported amounts. Although such amounts and accruals are based on currently known information, these amounts and accruals do not reflect the full range of possible outcomes, and actual results may differ materially from such estimates and may be adjusted in the future based on new developments. The Debtor reserves all rights to amend the Schedules and Statement to reflect changes in those estimates and assumptions.

21. **Claims and Causes of Action**. Despite its reasonable efforts to identify all known assets, the Debtor may not have identified and/or listed all of its causes of action or potential causes of action against third parties as assets in the Schedules and Statement, including causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") it may have, and neither these Global Notes nor the Schedules and Statement shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

22. **Indemnification**. Certain of the Debtor's governing documents may provide for indemnification of its current and former officers. Further, the Debtor may have entered into separate agreements with certain directors and officers whereby the Debtor agreed to indemnify such parties in certain circumstances according to the particular terms or conditions set forth in those agreements. The Debtor has not reached a determination as to whether certain potentially indemnified persons are eligible for indemnification under the terms of any applicable agreement. The Debtor has separately listed on Schedule G certain contracts with such covered persons, but the Debtor reserves all rights with respect thereto, including the right to assert that the individual is not entitled to indemnification and that the agreements do not constitute executory contracts.

23. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

- Undetermined Amounts. The description of an amount as "unknown," "TBD," "undetermined," or "unliquidated" is not intended to reflect upon the materiality of such amount.

- Totals. All totals that are included in the Schedules and Statement represent totals of all known or reasonably estimated amounts. To the extent there are amounts presently unknown or of undetermined value, the actual total may be different than the total listed in the Schedules and Statement.

- Liens. Property and equipment listed in the Schedules and Statement are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

- Currency. Unless otherwise indicated, all amounts are reflected in U.S. Dollars. Any currency conversions are as of the Petition Date.

24. Intercompany Payables and Receivables. Intercompany receivables and payables, dividends, and capital contributions among the Debtor in this chapter 7 case and its non-Debtor affiliates (the "Intercompany Claims") are not reported on Schedule A/B or Schedule E/F. Certain Intercompany Claims may be recorded in the Debtor's accounting systems. The omission of any amounts with respect to such receivables and payables is not and shall not be construed as an admission of the characterization of such balances as debt or otherwise. Furthermore, the omission of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or Claim status of any intercompany liability account. The Debtor reserves all rights to later update or change the characterization, classification, categorization, or designation of intercompany accounts reported in the Schedules and Statement.

The Debtor has made reasonable efforts to indicate the ultimate beneficiary of a payment or obligation. Whether or not a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law. The Debtor reserves all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

Historically, there has not been a high level of intercompany transactions between Debtor and non-Debtor entities. However, from time to time, Debtor may pay for relatively immaterial expenses related to costs of doing business related to non-Debtor entities. The Debtor believes these amounts to be immaterial and paid for by the property, with no payable or receivable created.

25. **Setoffs**. The Debtor may incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes. Although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtor's Schedules and Statement.

26. **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtor's books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtor.

## Specific Disclosures with Respect to the Debtor's Schedules

**Schedules Summary**. Except as otherwise noted, the asset and liability information provided in the Schedules represents the Debtor's assets and liabilities as of the Information Date. Certain of the Schedules may contain explanatory or qualifying notes that pertain to the information provided in those Schedules. Those Schedule-specific notes are incorporated herein by reference.

All values set forth in Schedule A/B reflect the book value of the Debtor's assets as of the Information Date, to the extent that such value is reflected in the Debtor's books and records and unless otherwise noted elsewhere. For financial reporting purposes, the Debtor ordinarily prepares a consolidated financial statement. Unlike the consolidated financial statement, the Schedules reflect the assets and liabilities of the Debtor on a nonconsolidated basis. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtor for financial reporting purposes or otherwise. To the extent there are unknown or undetermined amounts, the actual total may be different than the total listed.

The Schedules neither purport to represent a financial statement prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statement of the Debtor. Certain write-downs, impairments, reserves, charges and other accounting adjustments may not be reflected in the Schedules or are incomplete or preliminary. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment and reflect the Debtor's reasonable best efforts to report the assets and liabilities of the Debtor on an unconsolidated basis.

**Schedules A/B**

Part 1:

- The balances of the financial accounts listed on Schedule A/B, Part 1 are reflected on the Debtor's bank statement as September 30, 2026, or as of the Petition Date as indicated in the relevant exhibit.

Part 2:

- Deposits and prepayments are estimated as of the Petition Date. The Debtor has made best efforts to include all deposits and prepayments. However, in the ordinary course of business, the Debtor may have disbursed funds to creditors that may have resulted in credit memos not captured in Schedules A/B.

Part 3:

- Accounts receivable and tax refunds receivable are estimated as of the Petition Date. The Debtor may have net operating loss assets earned through ordinary course operations in prior tax periods. However, the Debtor was not able to identify the net operating loss assets or estimate the amount of such assets prior to the Petition Date.

Schedule E/F

- The inclusion of any claim on Schedule E/F does not constitute an admission by the Debtor that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtor reserves all rights to dispute the amount and/or priority status of any claim on any basis at any time.

- Schedule E/F contains information regarding potential and/or pending litigation involving the Debtor. All asserted or potential litigation-related claims referenced in Schedule E/F are contingent, unliquidated, and disputed. Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtor's liabilities with respect to any of the pending and/or potential lawsuits and proceedings included therein.

Schedule G

- Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or overinclusion may have occurred. The Debtor does not make, and specifically disclaims, any representation or warranty as to the completeness or accuracy of the information set forth in Schedule G, and Schedule G may be amended at any time to address any inaccuracies. Additionally, the Debtor hereby expressly reserves the right to assert that any instrument listed on Schedule G is or is not an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code. The Debtor reserves all of its rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule G, including, but not limited to its right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim. In addition, agreements and underlying documentation related to the Debtor's prepetition debt is not included in Schedule G. The Debtor reserves all its rights with respect to such agreements.

- Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, rights of first refusal, among other rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtor may have entered into various other types of agreements in the ordinary course of business, such as supplemental agreements, amendments/letter agreements, and confidentiality agreements. Such documents also are not set forth in Schedule G.

- Certain of the contracts and agreements listed on Schedule G may consist of several parts, including purchase orders, amendments, restatement, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. The contracts, agreements, and leases listed on Schedule G may have expired or may have been terminated, modified, amended, or supplemented from time to time by various amendments, restatement, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtor's use of reasonable efforts to identify such documents. The Debtor reserves its rights to

challenge whether such related materials constitute an executory contract, unexpired lease, or agreement, a single contract, lease, or agreement, or multiple, severable, or separate contracts, leases, or agreements.

- In the ordinary course of business, the Debtor may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed on Schedule G due to confidentiality clauses. The Debtor reserves all of its rights with respect to such agreements.

- Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

Schedule H

- The Debtor may not have identified certain guarantees that are embedded in the Debtor's executory contracts, unexpired leases, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.

## Specific Disclosures with Respect to the Debtor's Statement

Part 1:

- **Questions 1 and 2 – Income and Non-Business Revenue**. Revenue has been provided through September 30, 2026, and is inclusive of both sales to third parties as well as intercompany sales to other non-Debtor entities.

Part 2:

- **Questions 3 and 4 – Payments to Creditors and Payments Benefitting Insiders**. Any payments made to the Debtor's bankruptcy professionals within the 90 days prior to the Petition Date are disclosed in response to Statement, Part 6, Question 11, and also listed in response to this question.

  To the best of the Debtor's knowledge and based on the information reasonably available to the Debtor as of the date hereof, the information reported on Statement, Part 2, Question 4 reflects the total payments made to insiders of the Debtor during the one year prior to the Petition Date that are reflected in the Debtor's books and records as of the Petition Date.

  Nothing in the Debtor's responses to Statement, Part 2, Questions 3 and 4 shall constitute an admission regarding (i) the legal characterization of any payment, including whether any such payment constitutes a preferential transfer under applicable law, (ii) the identity of the obligor with respect to any underlying claim, or (iii) the allocation of any payment between Debtor and non-Debtor affiliates. The Debtor reserves all rights with respect thereto.

Part 3:

- **Question 7 – Legal Actions**. The Debtor reserves all of its rights and defenses with respect to any and all listed actions, lawsuits, and other proceedings. The listing of such actions and proceedings shall not constitute an admission by the Debtor of any liabilities or that the actions or proceedings were correctly filed against the Debtor or any affiliates of the Debtor. Moreover, the Debtor's designation of the status with respect to any action listed in Statement, Part 3, Question 7 does not constitute an admission regarding the status of any such action, and the Debtor reserves all rights with respect to the status of such actions.

Part 13:

- **Question 26a – Accountants and Bookkeepers**. Addresses for the individuals listed will be made available upon request.

[*Remainder of page intentionally left blank.*]

**Fill in this information to identify the case:**

Debtor name Drystone Capital Corporation

United States Bankruptcy Court for the:________________ District of Delaware (State)

Case number (If known): 26-11680

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property

12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.

   ☑ Yes. Fill in the information below.

| **All cash or cash equivalents owned or controlled by the debtor** | **Current value of debtor's interest** |
|---|---|
| 2. **Cash on hand** | $ |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | See Exhibit 206AB.01.03 | | | $ 893,546.71 |
| 3.2. | | | | $ |

4. **Other cash equivalents** *(Identify all)*

| | | |
|---|---|---|
| 4.1. | | $ |
| 4.2. | | $ |

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. **$ 893,546.71**

## Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.

   ☑ Yes. Fill in the information below.

7. **Deposits, including security deposits and utility deposits**

| | Description, including name of holder of deposit | **Current value of debtor's interest** |
|---|---|---|
| 7.1. | Oliver Wyman, LLC / Deposit for services | $ 71,012.84 |
| 7.2. | | $ |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1.______ $______

8.2.______ $______

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81. $ 71,012.84

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

11. **Accounts receivable**

| | face amount | | doubtful or uncollectible accounts | | Current value of debtor's interest |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | 1,163,574.00 | – | | = ........➔ | $ 1,163,574.00 |
| 11b. Over 90 days old: | 14,100,000.00 | – | | = ........➔ | $ 14,100,000.00 |

12. **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82. $ 15,263,574.00

## Part 4: Investments

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| 14. **Mutual funds or publicly traded stocks not included in Part 1** | | |
| Name of fund or stock: | | |
| 14.1. | | $ |
| 14.2. | | $ |
| 15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | |
| Name of entity: / % of ownership: | | |
| 15.1. See Exhibit 206AB.04.15 ____% | | $ |
| 15.2. ____% | | $ |
| 16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** | | |
| Describe: | | |
| 16.1. | | $ |
| 16.2. | | $ |

17. **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83. $______

Debtor Drystone Capital Corporation Case number (if known) 26-11680
Name

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**
☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| | MM / DD / YYYY | $ | | $ |
| 20. **Work in progress** | | | | |
| | MM / DD / YYYY | $ | | $ |
| 21. **Finished goods, including goods held for resale** | | | | |
| | MM / DD / YYYY | $ | | $ |
| 22. **Other inventory or supplies** | | | | |
| | MM / DD / YYYY | $ | | $ |

23. **Total of Part 5**
Add lines 19 through 22. Copy the total to line 84. $

24. **Is any of the property listed in Part 5 perishable?**
☑ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☑ No
☐ Yes. Book value ________ Valuation method________ Current value________

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☑ No
☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| | $ | | $ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| | $ | | $ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| | $ | | $ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| | $ | | $ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| | $ | | $ |

33. **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85. $__________

34. **Is the debtor a member of an agricultural cooperative?**
☑ No
☐ Yes. Is any of the debtor's property stored at the cooperative?
 ☐ No
 ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☑ No
☐ Yes. Book value $________ Valuation method __________ Current value $________

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
☑ No
☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☑ No
☐ Yes

## Part 7: Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**
☐ No. Go to Part 8.
☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| __________ | $______ | ______ | $______ |
| 40. **Office fixtures** | | | |
| __________ | $______ | ______ | $______ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| See Exhibit 206AB.07.41 | $______ | ______ | $______ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1__________ | $______ | ______ | $______ |
| 42.2__________ | $______ | ______ | $______ |
| 42.3__________ | $______ | ______ | $______ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86. $__________

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
☑ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☑ No
☐ Yes

Debtor Drystone Capital Corporation Case number (*if known*) 26-11680

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| **General description**<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest**<br>(Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | $ | | $ |
| 47.2 | $ | | $ |
| 47.3 | $ | | $ |
| 47.4 | $ | | $ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | $ | | $ |
| 48.2 | $ | | $ |
| **49. Aircraft and accessories** | | | |
| 49.1 | $ | | $ |
| 49.2 | $ | | $ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| | $ | | $ |

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87. $

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☑ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No
☐ Yes

## Part 9: Real property

54. **Does the debtor own or lease any real property?**
- ☑ No. Go to Part 10.
- ☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| **Description and location of property** Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | **Nature and extent of debtor's interest in property** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|---|
| 55.1 | | $ | | $ |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

56. **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88. $

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
- ☑ No
- ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

## Part 10: Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**
- ☐ No. Go to Part 11.
- ☑ Yes. Fill in the information below.

| **General description** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets**<br>Copyright Interest in Code Developed with AI Platform | $ Unknown | | $ Unknown |
| 61. **Internet domain names and websites**<br>drystonecapital.com / liquitas.com | $ | | $ |
| 62. **Licenses, franchises, and royalties**<br>License for use of AI Platform | $ Unknown | | $ Unknown |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property**<br>Code developed with AI Platform | $ 424,781.00 | | $ 424,781.00 |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89. $ Unknown

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
- ☑ No
- ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
- ☑ No
- ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.
- ☐ No. Go to Part 12.
- ☑ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**
Description (include name of obligor)
See Exhibit 207.AB.11.71 ______ Total face amount – ______ doubtful or uncollectible amount = ➔ $______

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)
______ Tax year ______ $______
______ Tax year ______ $______
______ Tax year ______ $______

73. **Interests in insurance policies or annuities**
______ $______

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**
______ $______
**Nature of claim** ______
**Amount requested** $______

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**
______ $______
**Nature of claim** ______
**Amount requested** $______

76. **Trusts, equitable or future interests in property**
______ $______

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership
______ $______
______ $______

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90. $______

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | | Current value of real property |
|---|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 893,546.71 | | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 71,012.84 | | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 15,263,574.00 | | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ | | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ | | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ | | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ | | |
| 88. **Real property.** *Copy line 56, Part 9.* | ➔ | | $ |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ Unknown | | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ | | |
| 91. **Total.** Add lines 80 through 90 for each column. 91a. | $ Unknown | + 91b. | $ |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. $ Unknown

**Fill in this information to identify the case:**

Debtor name: Drystone Capital Corporation

United States Bankruptcy Court for the: ________ District of Delaware (State)

Case number (If known): 26-11680

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   - ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

*Column A* **Amount of claim** Do not deduct the value of collateral.

*Column B* **Value of collateral that supports this claim**

**2.1 Creditor's name**
Oak Street Funding, LLC

**Creditor's mailing address**
8888 Keystone Crossing, Suite 1700
Indianapolis IN 46240

**Creditor's email address, if known**

**Date debt was incurred** August 17, 2023

**Last 4 digits of account number** 2954

**Do multiple creditors have an interest in the same property?**
- ☑ No
- ☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to a lien**
All personal property of debtor or other property as indicated on applicable UCC-1 filing.

Column A: $ 28,294,055.94 | Column B: $ Unknown

**Describe the lien**
Security Interest / Lien

**Is the creditor an insider or related party?**
- ☑ No
- ☐ Yes

**Is anyone else liable on this claim?**
- ☐ No
- ☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**2.2 Creditor's name**

**Creditor's mailing address**

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
- ☐ No
- ☐ Yes. Have you already specified the relative priority?
  - ☐ No. Specify each creditor, including this creditor, and its relative priority.
  - ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

Column A: $ | Column B: $

**Describe the lien**

**Is the creditor an insider or related party?**
- ☐ No
- ☐ Yes

**Is anyone else liable on this claim?**
- ☐ No
- ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** $ 28,294,055.94

Debtor Drystone Capital Corporation Case number (*if known*) 26-11680

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Ken Ottaviano, Blank Rome LLP<br>444 W. Lake Street, Suite 1650<br>Chicago IL 60606 | Line 2. 1 | 2954 |
| Stephanie Hor-Chen, Blank Rome LLP<br>444 W. Lake Street, Suite 1650<br>Chicago IL 60606 | Line 2. 1 | 2954 |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |
| | Line 2. | |

**Fill in this information to identify the case:**

Debtor: DryStone Capital Corporation

United States Bankruptcy Court for the: ______________ District of Delaware (State)

Case number (If known): 26-11680

❑ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B*)* and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

## Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   - ❑ No. Go to Part 2.
   - ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Total claim | Priority amount |
|---|---|---|

**2.1 Priority creditor's name and mailing address**

Gregory T. Doyle
Address on file

**As of the petition filing date, the claim is:** *Check all that apply.*
- ❑ Contingent
- ❑ Unliquidated
- ❑ Disputed

Total claim: $ 5,729.17 — Priority amount: $ 5,729.17

**Date or dates debt was incurred:** October 26, 2026

**Basis for the claim:** Unpaid payroll October 16-26, 2026

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
- ❑ No
- ❑ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (4)

**2.2 Priority creditor's name and mailing address**

John B. Henry
Address on file

**As of the petition filing date, the claim is:** *Check all that apply.*
- ❑ Contingent
- ❑ Unliquidated
- ❑ Disputed

Total claim: $ 14,895.84 — Priority amount: $ 14,895.84

**Date or dates debt was incurred:** October 26, 2026

**Basis for the claim:** Unpaid payroll October 16-26, 2026

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
- ❑ No
- ❑ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (4)

**2.3 Priority creditor's name and mailing address**

Cloyd Laporte III
Address on file

**As of the petition filing date, the claim is:** *Check all that apply.*
- ❑ Contingent
- ❑ Unliquidated
- ❑ Disputed

Total claim: $ 14,322.91 — Priority amount: $ 14,322.91

**Date or dates debt was incurred:** October 26, 2026

**Basis for the claim:** Unpaid payroll October 16-26, 2026

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
- ❑ No
- ❑ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (4)

Debtor Drystone Capital Corporation Case number (*if known*) 26-11680
Name

**Part 2: List All Creditors with NONPRIORITY Unsecured Claims**

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

**3.1 Nonpriority creditor's name and mailing address**
See Exhibit 206EF.02.03

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** ____________

**Date or dates debt was incurred** ____________
**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

$____________

**3.2 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** ____________

**Date or dates debt was incurred** ____________
**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

$____________

**3.3 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** ____________

**Date or dates debt was incurred** ____________
**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

$____________

**3.4 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** ____________

**Date or dates debt was incurred** ____________
**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

$____________

**3.5 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** ____________

**Date or dates debt was incurred** ____________
**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

$____________

**3.6 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** ____________

**Date or dates debt was incurred** ____________
**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

$____________

Debtor Drystone Capital Corporation
Name

Case number (if known) 26-11680

## Part 3: List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1. | | Line _____ ❑ Not listed. Explain | |
| 4.2. | | Line _____ ❑ Not listed. Explain | |
| 4.3. | | Line _____ ❑ Not listed. Explain | |
| 4.4. | | Line _____ ❑ Not listed. Explain | |
| 41. | | Line _____ ❑ Not listed. Explain | |
| 4.5. | | Line _____ ❑ Not listed. Explain | |
| 4.6. | | Line _____ ❑ Not listed. Explain | |
| 4.7. | | Line _____ ❑ Not listed. Explain | |
| 4.8. | | Line _____ ❑ Not listed. Explain | |
| 4.9. | | Line _____ ❑ Not listed. Explain | |
| 4.10. | | Line _____ ❑ Not listed. Explain | |
| 4.11. | | Line _____ ❑ Not listed. Explain | |

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | | $ 34,947.92 |
| 5b. **Total claims from Part 2** | 5b. | + | $ Unknown |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | | $ Unknown |

**Fill in this information to identify the case:**

Debtor name Drystone Capital Corporation

United States Bankruptcy Court for the: District of Delaware (State)

Case number (If known): 26-11680 Chapter 7

☐ Check if this is an amended filing

# Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**
   - ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | See Exhibit 206G.01.02 |
| | State the term remaining | |
| | List the contract number of any government contract | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | |
| | State the term remaining | |
| | List the contract number of any government contract | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | |
| | State the term remaining | |
| | List the contract number of any government contract | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | |
| | State the term remaining | |
| | List the contract number of any government contract | |
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | |
| | State the term remaining | |
| | List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name: Drystone Capital Corporation

United States Bankruptcy Court for the: District of Delaware (State)

Case number (If known): 26-11680

☐ Check if this is an amended filing

Official Form 206H

# Schedule H: Codebtors

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**
   - ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   - ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 | Drystone Re, LLC | Wessex House, 3rd Floor (Street)<br>45 Reid Street<br>Hamilton HM12 Bermuda (City, State, ZIP Code) | Oak Street Funding, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.2 | Drystone Risk Inc. | Stone Hill (Street)<br>40 Springwish Lane<br>Flint Hill VA 22627 (City, State, ZIP Code) | Oak Street Funding, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.3 | Liquitas Ltd. | Stone Hill (Street)<br>40 Springwish Lane<br>Flint Hill VA 22627 (City, State, ZIP Code) | Oak Street Funding, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.4 | Cloyd Laporte III | ADDRESS ON FILE (Street)<br>(City, State, ZIP Code) | Oak Street Funding, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.5 | John B. Henry | Stone Hill (Street)<br>40 Springwish Lane<br>Flint Hill VA 22627 (City, State, ZIP Code) | Oak Street Funding, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.6 | | (Street)<br>(City, State, ZIP Code) | | ☐ D<br>☐ E/F<br>☐ G |

## DryStone Capital Corporation | Case No. 26-11680
## EXHIBIT 206AB.01.03 | Checking, savings, money market, or financial brokerage accounts

| No. | Institution / Mailing address | As of | Last 4 digits | Value ($) |
|---|---|---|---|---|
| 1 | First Financial Bank<br>225 Pictoria Dr<br>Suite 120<br>Cincinnati<br>OH<br>45246 | 9/30/2026 | 8201 | 0.00 |
| 2 | First Financial Bank<br>225 Pictoria Dr<br>Suite 120<br>Cincinnati<br>OH<br>45246 | 9/30/2026 | 4137(oper) | 0.00 |
| 3 | First Financial Bank<br>225 Pictoria Dr<br>Suite 120<br>Cincinnati<br>OH<br>45246 | 9/30/2026 | 8397 | 0.00 |
| 4 | First Financial Bank<br>225 Pictoria Dr<br>Suite 120<br>Cincinnati<br>OH<br>45246 | 9/30/2026 | 8193 | 0.00 |
| 5 | First Financial Bank<br>225 Pictoria Dr<br>Suite 120<br>Cincinnati<br>OH<br>45246 | 9/30/2026 | 7643 | 0.00 |
| 6 | First Financial Bank<br>225 Pictoria Dr<br>Suite 120<br>Cincinnati<br>OH<br>45246 | 9/30/2026 | 7635 | 4,676.50 |
| 7 | First Financial Bank<br>225 Pictoria Dr<br>Suite 120<br>Cincinnati<br>OH<br>45246 | 9/30/2026 | 4137(int) | 7,584.70 |
| 8 | First Financial Bank<br>225 Pictoria Dr<br>Suite 120<br>Cincinnati<br>OH<br>45246 | 9/30/2026 | 7627 | 0.00 |
| 9 | First Financial Bank<br>225 Pictoria Dr<br>Suite 120<br>Cincinnati<br>OH<br>45246 | 9/30/2026 | 4129 | 0.00 |
| 10 | First Financial Bank<br>225 Pictoria Dr<br>Suite 120<br>Cincinnati<br>OH<br>45246 | 9/30/2026 | 4111 | 0.00 |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 206AB.01.03 | Checking, savings, money market, or financial brokerage accounts**

| No. | Institution / Mailing address | As of | Last 4 digits | Value ($) |
|---|---|---|---|---|
| 11 | First Financial Bank<br>225 Pictoria Dr<br>Suite 120<br>Cincinnati<br>OH<br>45246 | 9/30/2026 | 2307 | 3,182.19 |
| 12 | First Financial Bank<br>225 Pictoria Dr<br>Suite 120<br>Cincinnati<br>OH<br>45246 | 9/30/2026 | 0602 | 0.00 |
| 13 | Truist Bank<br>214 North Tryon St<br>Charlotte<br>NC<br>28202 | 9/30/2026 | 4797 | 8,468.50 |
| 14 | Truist Bank<br>214 North Tryon St<br>Charlotte<br>NC<br>28202 | 9/30/2026 | 6785 | 818,651.09 |
| 15 | Truist Bank<br>214 North Tryon St<br>Charlotte<br>NC<br>28202 | 9/30/2026 | 2320 | 46,034.36 |
| 16 | Truist Bank<br>214 North Tryon St<br>Charlotte<br>NC<br>28202 | 9/30/2026 | 9024 | 4,949.37 |

**DryStone Capital Corporation | Case 26-11680**
**EXHIBIT 206AB.04.15 | Non-publicly traded stock**

| No. | Entity / Mailing address | Ownership (%) | Valuation method | Value ($) |
|---|---|---|---|---|
| 1 | Liquitas Holdings LTD.<br>Wessex House, 3rd Floor<br>45 Reid Street<br>Hamilton<br>HM12<br>Bermuda | 100 | N/A | Unknown |
| 2 | DryStone Re, LLC<br>Stone Hill<br>40 Springwish Lane<br>Flint Hill<br>VA<br>22627 | 100 | N/A | Unknown |
| 3 | DryStone Risk, Inc.<br>Stone Hill<br>40 Springwish Lane<br>Flint Hill<br>VA<br>22627 | 100 | N/A | Unknown |

**DryStone Capital Corporation | Case 26-11680**
**EXHIBIT 206AB.07.41 | Office equipment**

| No. | Office equipment | Book value ($) | Valuation method | Current value ($) |
|---|---|---|---|---|
| 1 | Apple iPhone 15 Pro | Unknown | N/A | Unknown |
| 2 | Apple iPhone 15 Pro | Unknown | N/A | Unknown |
| 3 | HP Spectre x360 | Unknown | N/A | Unknown |
| 4 | Lenovo Yoga 14" | Unknown | N/A | Unknown |
| 5 | HP OmniBook Ultra 14" | Unknown | N/A | Unknown |
| 6 | Dell Inspiron 16 5635 | Unknown | N/A | Unknown |

**DryStone Capital Corporation | Case 26-11680**
**EXHIBIT 207AB.11.71 | Notes Receivable**

| No. | Obligor / Mailing address | Face Amount | Doubtful or Uncollectible Amount ($) | Current Value of Debtor's Interest | Property Appraised By a Professional Within the Last Year |
|---|---|---|---|---|---|
| 1 | John B. Henry<br>ADDRESS ON FILE | $50,000.00 | Unknown | Unknown | NO |
| 2 | John B. Henry<br>ADDRESS ON FILE | $50,000.00 | Unknown | Unknown | NO |
| 3 | John B. Henry<br>ADDRESS ON FILE | $150,000.00 | Unknown | Unknown | NO |
| 4 | John B. Henry<br>ADDRESS ON FILE | $150,000.00 | Unknown | Unknown | NO |
| 5 | John B. Henry<br>ADDRESS ON FILE | $250,000.00 | Unknown | Unknown | NO |
| 6 | John B. Henry<br>ADDRESS ON FILE | $150,000.00 | Unknown | Unknown | NO |
| 7 | John B. Henry<br>ADDRESS ON FILE | $250,000.00 | Unknown | Unknown | NO |
| 8 | John B. Henry<br>ADDRESS ON FILE | $250,000.00 | Unknown | Unknown | NO |
| 9 | John B. Henry<br>ADDRESS ON FILE | $50,000.00 | Unknown | Unknown | NO |
| 10 | John B. Henry<br>ADDRESS ON FILE | $150,000.00 | Unknown | Unknown | NO |
| 11 | John B. Henry<br>ADDRESS ON FILE | $200,000.00 | Unknown | Unknown | NO |
| 12 | John B. Henry<br>ADDRESS ON FILE | $165,115.47 | Unknown | Unknown | NO |
| 13 | John B. Henry<br>ADDRESS ON FILE | $150,000.00 | Unknown | Unknown | NO |
| 14 | John B. Henry<br>ADDRESS ON FILE | $150,000.00 | Unknown | Unknown | NO |
| 15 | John B. Henry<br>ADDRESS ON FILE | $82,570.00 | Unknown | Unknown | NO |
| 16 | John B. Henry<br>ADDRESS ON FILE | $150,000.00 | Unknown | Unknown | NO |
| 17 | John B. Henry<br>ADDRESS ON FILE | $150,000.00 | Unknown | Unknown | NO |
| 18 | John B. Henry<br>ADDRESS ON FILE | $150,000.00 | Unknown | Unknown | NO |
| 19 | Cloyd Laporte III<br>ADDRESS ON FILE | $150,000.00 | Unknown | Unknown | NO |
| 20 | Cloyd Laporte III<br>ADDRESS ON FILE | $141,930.00 | Unknown | Unknown | NO |
| 21 | Cloyd Laporte III<br>ADDRESS ON FILE | $49,120.00 | Unknown | Unknown | NO |
| 22 | Cloyd Laporte III<br>ADDRESS ON FILE | $141,930.00 | Unknown | Unknown | NO |
| 23 | Cloyd Laporte III<br>ADDRESS ON FILE | $500,000.00 | Unknown | Unknown | NO |
| 24 | Cloyd Laporte III<br>ADDRESS ON FILE | $200,000.00 | Unknown | Unknown | NO |
| 25 | Cloyd Laporte III<br>ADDRESS ON FILE | $141,930.00 | Unknown | Unknown | NO |
| 26 | Cloyd Laporte III<br>ADDRESS ON FILE | $141,930.00 | Unknown | Unknown | NO |
| 27 | Cloyd Laporte III<br>ADDRESS ON FILE | $141,930.00 | Unknown | Unknown | NO |
| 28 | Cloyd Laporte III<br>ADDRESS ON FILE | $79,237.08 | Unknown | Unknown | NO |

**DRYSTONE CAPITAL CORPORATION | CASE 26-11680**
**EXHIBIT 206AB.11.73 | Interests in insurance policies or annuities**

| Insurance company / issuer | Policy number | Current value of interest |
|---|---|---:|
| Protective Life Insurance Company | LU5946355 | Unknown |
| Pacific Life Insurance Company | VF54087720 | Unknown |
| Pacific Life Insurance Company | VF54094010 | Unknown |
| Pacific Life Insurance Company | VF54245850 | Unknown |
| Advent Solutions Management Ltd. | 50036600125 | 5,000,000.00 |

**DRYSTONE CAPITAL CORPORATION | CASE 26-11680**
**EXHIBIT 206AB.11.74 | Causes of action against third parties**

| Cause of action / third party | Nature of claim | Amount requested | Current value of interest |
|---|---|---|---|
| Potential suit against Sutton Specialty Insurance Company for breach of Program Managment Agreement | Breach of Contract | $ 2,167,000 | Unknown |
| Potential suit against Clear Blue Insurance Company for breach of LAE Managment Agreement | Breach of Contract | $ 10,833,000 | Unknown |
| Potential suit against Accredited Surety and Casualty Insurance Company for breach of LAE Managment Agreement | Breach of Contract | $ 1,100,000 | Unknown |

**DryStone Capital Corporation | Case 26-11680**
**EXHIBIT 206EF.02.03 | Nonpriority creditors**

| No. | Creditor / Mailing address | Date incurred | Account last 4 | Basis of claim | Claim status | Amount ($) |
|---|---|---|---|---|---|---|
| 1 | Al Beer<br>ADDRESS ON FILE | 12/31/2022 | N/A | Promissory Note | Not indicated | Unknown |
| 2 | Gordon Gray Trust fbo C. Boyden Gray<br>100 N. Main St.<br>5th Floor<br>Winston-Salem<br>NC<br>27101 | 12/15/2020 | N/A | Promissory Note | Not indicated | 100,000.00 |
| 3 | Brian O'Hara<br>ADDRESS ON FILE | 12/31/2022 | N/A | Promissory Note | Not indicated | 513,825.00 |
| 4 | Dickinson Wright LLP<br>5 City Blvd<br>Suite 700<br>Nashville<br>TN<br>37209 | Unknown | N/A | Contractual Claim | Not indicated | 37,280.00 |
| 5 | Gallo Vitucci Klar LLP<br>711 Third Avenue<br>Suite 500<br>New York<br>NY<br>10017 | Unknown | N/A | Contractual Claim | Not indicated | 700,000.00 |
| 6 | North American Risk Services, Inc.<br>240 E. Central Parkway<br>Suite 4010<br>Altamonte Springs<br>FL<br>32701 | Unknown | N/A | Contractual Claim | Contingent | Unknown |
| 7 | Wood Smith Henning & Berman LLP<br>10960 Wilshire Blvd.<br>18th Floor<br>Los Angeles<br>CA<br>90024 | Unknown | N/A | Contractual Claim | Not indicated | Unknown |
| 8 | Oak Street Funding LLC<br>8888 Keystone Crossing<br>Suite 1700<br>Indianapolis<br>IN<br>46420 | Unknown | N/A | Lawsuit | Unliquidated, Disputed | Unknown |
| 9 | Atalanta Intermediaries, LLC<br>6196 Forsyth Rd.<br>Macon<br>GA<br>31210 | Unknown | N/A | Contractual Claim | Not indicated | Unknown |
| 10 | American Express<br>P.O. Box 981535<br>El Paso<br>TX<br>79998 | Various | N/A | Contractual Claim | Not indicated | Unknown |
| 11 | Benchmark Insurance Company<br>150 Lake Street West<br>Wayzata<br>MN<br>55391 | Unknown | N/A | Contractual Claim | Contingent | Unknown |
| 12 | Trisura Specialty Insurance Company<br>210 Park Ave<br>Suite 1300<br>Oklahoma City<br>OK<br>73102 | Unknown | N/A | Contractual Claim | Contingent | Unknown |

**DryStone Capital Corporation | Case 26-11680**
**EXHIBIT 206EF.02.03 | Nonpriority creditors**

| No. | Creditor / Mailing address | Date incurred | Account last 4 | Basis of claim | Claim status | Amount ($) |
|---|---|---|---|---|---|---|
| 13 | Clear Blue Insurance Company<br>200 S. College St.<br>Suite 1910<br>Charlotte<br>NC<br>28202 | Unknown | N/A | Contractual Claim | Contingent | Unknown |
| 14 | Accredited Surety & Casualty Company, Inc.<br>4798 New Broad Street<br>Suite 200<br>Orlando<br>FL<br>32814 | Unknown | N/A | Contractual Claim | Contingent | Unknown |
| 15 | Topsail Reinsurance, SPE<br>18 Forum Ln.<br>2nd Floor<br>Camana Bay<br>Grand Cayman<br>KY1-1102 | Unknown | N/A | Contractual Claim | Contingent | Unknown |
| 16 | Pinnacle Actuarial Resources<br>3109 Cornelius Dr.<br>Bloomington<br>IN<br>61704 | Unknown | N/A | Contractual Claim | Contingent | Unknown |
| 17 | GGS KASS KASS Subrogation Services, LLC<br>9229 Wilshire Blvd.<br>Suite 200<br>Beverly Hills<br>CA<br>90210 | Unknown | N/A | Contractual Claim | Contingent | Unknown |
| 18 | Reserv Inc.<br>99 Wall St.<br>New York City<br>NY<br>10005 | Unknown | N/A | Contractual Claim | Contingent | Unknown |
| 19 | RYZE Claim Solutions<br>4830 Kennedy Blvd.<br>Suite 225<br>Tampa<br>FL<br>33609 | Unknown | N/A | Contractual Claim | Contingent | Unknown |
| 20 | Triton Claims<br>2400 Lakeview Pkwy.<br>Suite 475<br>Alpharetta<br>GA<br>30009 | Unknown | N/A | Contractual Claim | Contingent | Unknown |
| 21 | Sutton Specialty Insurance Company<br>1855 Griffin Road<br>B-390<br>Dania Beach<br>FL<br>33004 | Unknown | N/A | Contractual Claim | Contingent | Unknown |
| 22 | Concert Specialty Insurance Company<br>1701 Golf Road<br>Suite 1-1110<br>Rolling Meadows<br>IL<br>60008 | Unknown | N/A | Contractual Claim | Contingent | 225,450.66 |
| 23 | Tivra Management, LLC<br>28 Fox Rd.<br>Edison<br>NJ<br>07009 | Unknown | N/A | Contractual Claim | Contingent | Unknown |

**DryStone Capital Corporation | Case 26-11680**
**EXHIBIT 206EF.02.03 | Nonpriority creditors**

| No. | Creditor / Mailing address | Date incurred | Account last 4 | Basis of claim | Claim status | Amount ($) |
|---|---|---|---|---|---|---|
| 24 | Infinity Constellation, Inc.<br>42 Broadway Suite 12-443<br>Suite 12-443<br>New York<br>NY<br>10004 | Unknown | N/A | Contractual Claim | Unliquidated | Unknown |
| 25 | Acrisure LLC<br>100 Ottawa Avenue SW<br>Suite 800<br>Grand Rapids<br>MI<br>49503 | Unknown | N/A | Contractual Claim | Contingent, Unliquidated | Unknown |

**DryStone Capital Corporation | Case 26-11680**
**EXHIBIT 206G.01.02 | Executory Contracts and Unexpired Lease**

| No. | Contract title | Purpose | Debtor interest | Term remaining | Counterparty / Mailing address | Government contract no. |
|---|---|---|---|---|---|---|
| 1 | Program Agreement | Loss Adjustment Expense management services | Executory Contract | Unknown | Sutton Specialty Insurance Company<br>1855 Griffin Rd.<br>B-390<br>Dania Beach<br>FL<br>33004 | |
| 2 | Program Agreement | Loss Adjustment Expense management services | Executory Contract | Unknown | Accredited Surety and Casualty Insurance Company<br>4798 New Broad Street<br>Suite 200<br>Orlando<br>FL<br>32814 | |
| 3 | LAE Management Agreement | Loss Adjustment Expense management services | Executory Contract | Unknown | Trisura Specialty Insurance Company<br>210 Park Ave.<br>Suite 1300<br>Oklahoma City<br>OK<br>73102 | |
| 4 | LAE Management Agreement | Loss Adjustment Expense management services | Executory Contract | Unknown | Clear Blue Specialty Insurance Company<br>200 S. College St.<br>Suite 1910<br>Charlotte<br>NC<br>28202 | |
| 5 | LAE Management Agreement | Loss Adjustment Expense management services | Executory Contract | Unknown | Benchmark Specialty Insurance Company<br>150 Lake Street West<br>Wayzata<br>MN<br>55391 | |
| 6 | DryStone Reinsurer LAE Management Agreement | Loss Adjustment Expense management services | Executory Contract | Unknown | Topsail Reinsurance, SPC<br>18 Forum Ln.<br>2nd Floor<br>Camana Bay<br>Grand Cayman<br>Cayman Islands | |
| 7 | Engagement Agreement | Financial advisory services | Executory Contract | N/A | Oliver Wyman, LLC<br>2323 Victory Ave.<br>Dallas<br>TX<br>75202 | |
| 8 | Engagement Agreement | Legal Services | Executory Contract | N/A | Debevoise & Plimpton LLP<br>66 Hudson Blvd.<br>New York<br>NY<br>10001 | |
| 9 | Terms & Conditions and Order Form | AI Services Contract | Executory Contract | Unknown | Infinity Constellation, Inc.<br>42 Broadway Suite 12-443<br>Suite 12-443<br>New York<br>NY<br>10004 | |
| 10 | Engagement Agreement | Actuarial Services | Executory Contract | Unknown | Pinnacle Actuarial Resources<br>3109 Cornelius Dr.<br>Bloomington<br>IN<br>61704 | |
| 11 | Engagement Agreement | Brokerage Services | Executory Contract | Unknown | Acrisure LLC<br>100 Ottawa Avenue SW<br>Suite 800<br>Grand Rapids<br>MI<br>49503 | |
| 12 | Engagement Agreement | Accounting Services | Executory Contract | Unknown | RH CPAs PLLC<br>212 W. Center St.<br>Lexington<br>NC<br>27292 | |
| 13 | Engagement Agreement | Legal Services | Executory Contract | Unknown | Dickinson Wright LLP<br>5 City Blvd.<br>Suite 700<br>Nashville<br>TN<br>37209 | |
| 14 | Engagement Agreement | Legal Services | Executory Contract | Unknown | Wood Smith Henning & Berrman LLP<br>10960 Wilshire Blvd.<br>18th Floor<br>Los Angeles<br>CA<br>90024 | |
| 15 | Engagement Agreement | Legal Services | Executory Contract | Unknown | Gallo Vitucci Klar LLP<br>711 Third Avenue<br>Suite 500<br>New York<br>NY<br>10017 | |
| 16 | Unknown | Reinsurance management services | Executory Contract | Unknown | Atalanta Intermediaries, LLC<br>6196 Forsyth Rd.<br>Macon<br>GA<br>31210 | |

**DryStone Capital Corporation | Case 26-11680**
**EXHIBIT 206G.01.02 | Executory Contracts and Unexpired Lease**

| No. | Contract title | Purpose | Debtor interest | Term remaining | Counterparty / Mailing address | Government contract no. |
|---|---|---|---|---|---|---|
| 17 | Unknown | Contracted Employee | Executory Contract | Unknown | Oliver James Associates LLC<br>1230 Avenue of the Americas<br>Floor 18<br>New York<br>NY<br>10020 | |
| 18 | Unknown | IT Provider | Executory Contract | Unknown | Better World Technology, Inc.<br>11921 Freedom Drive<br>Suite 550<br>Reston<br>VA<br>20190 | |
| 19 | Unknown | Payroll Provider | Executory Contract | Unknown | Automatic Data Processing, Inc.<br>P.O. Box 830272<br>Philadelphia<br>PA<br>19182 | |
| 20 | Third Party Administrator Agreement | Loss Adjustment Expense management services | Executory Contract | Unknown | GGS KASS KASS Subrogation Services, LLC<br>9229 Wilshire Blvd.<br>Suite 200<br>Beverly Hills<br>CA<br>90210 | |
| 21 | Third Party Administrator Agreement | Loss Adjustment Expense management services | Executory Contract | Unknown | Reserv Inc.<br>99 Wall St.<br>New York City<br>NY<br>10005 | |
| 22 | Third Party Administrator Agreement | Loss Adjustment Expense management services | Executory Contract | Unknown | RYZE Claim Solutions<br>4830 Kennedy Blvd.<br>Suite 225<br>Tampa<br>FL<br>33609 | |
| 23 | Third Party Administrator Agreement | Loss Adjustment Expense management services | Executory Contract | Unknown | Triton Claims<br>2400 Lakeview Pkwy.<br>Suite 475<br>Alpharetta<br>GA<br>30009 | |
| 24 | Engagement Agreement | Legal Services | Executory Contract | Unknown | Ice Miller LLP<br>500 Delaware Ave.<br>Suite 220<br>Wilmington<br>DE<br>19801 | |

**Fill in this information to identify the case and this filing:**

Debtor Name Drystone Capital Corporation

United States Bankruptcy Court for the: District of Delaware (State)

Case number (*If known*): 26-11680

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration____________________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/09/2026
MM / DD / YYYY

✘ Cloyd Laporte
Signature of individual signing on behalf of debtor

Cloyd Laporte III
Printed name

Chief Operating Officer
Position or relationship to debtor