**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DRYSTONE CAPITAL CORPORATION,<br><br>Debtor.<br>EIN: 52-2222230 | Chapter 7<br><br>Case No. 26-11680 (BLS) |

**GLOBAL NOTES, STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS, REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

The above-captioned debtor (collectively, the "**Debtor**") has filed its Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statement of Financial Affairs (collectively, the "**Statement**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes, Statement of Limitations, Methodology, Disclaimers, and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs* ("**Global Notes**") are incorporated by reference in, and comprise an integral part of, each of the Debtor's Schedules and Statement. These Global Notes (and any applicable specific notes) should be referred to and considered in connection with any review of the Schedules and Statement.

The Schedules and Statement are unaudited and reflect the Debtor's reasonable efforts to report certain financial information on a stand-alone, unconsolidated basis. The Schedules and Statement neither purport to represent a financial statement prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statement of the Debtor.

In preparing the Schedules and Statement, the Debtor relied on unaudited financial data and information derived from its books and records that was available and accessible at the time of such preparation. Although the Debtor made reasonable efforts to ensure the accuracy and completeness of the Schedules and Statement under the circumstances, based on information reasonably available at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statement, and inadvertent errors, inaccuracies, or omissions may have occurred. Accordingly, the Schedules and Statement remain subject to further review, verification, and potential adjustment by the Debtor. The Debtor reserves the right to amend the Schedules and Statement from time to time as may be necessary or appropriate; *provided*, that the Debtor and its directors, officers, agents, attorneys, financial advisors, professionals, and other advisors and representatives expressly do not undertake any obligation to

update, modify, revise, or recategorize the information provided herein, or notify or not notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law or order of the Court.

The Debtor and its directors, officers, agents, attorneys, financial advisors, professionals, and other advisors and representatives do not guarantee or warrant the accuracy or completeness of the data that is provided in these Global Notes or in the Schedules and Statement and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in these Global Notes and in the Schedules and Statement. In no event shall the Debtor or its directors, officers, agents, attorneys, financial advisors, professionals, and other advisors and representatives be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business, or lost profits), whether foreseeable or unforeseeable, and however caused, even if the Debtor or its directors, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statement have been signed by Cloyd Laporte III on behalf of the Debtor (and not in his individual capacity). Mr. Laporte is the Chief Operating Officer of the Debtor and is an authorized signatory for the Debtor. In reviewing and signing the Schedules and Statement, Mr. Laporte has relied upon the efforts, statements, and representations of personnel of the Debtor and the Debtor's legal and financial advisors. Mr. Laporte has not (and could not have) personally verified the accuracy of each statement and representation in the Schedules and Statement, including, for example, representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Disclosure of information in one or more Schedules, Statement, or exhibits or attachments to the Schedules or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statement, exhibits, or attachments. If the Schedules or Statement differ from any of the Global Notes, the Global Notes shall control.

The Schedules and Statement and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtor.

Without limiting the generality of anything contained in these Global Notes, the Debtor reserves all rights to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statement as to amount, liability, classification, or identity of the Debtor, or to otherwise designate any claim as "disputed," "contingent," or "unliquidated." Further, nothing contained in the Schedules, the Statement, or these Global Notes shall constitute a waiver of any of the Debtor's rights or an admission with respect to its chapter 7 case, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization, or recharacterization of contracts and leases, assumption or rejection of contracts and leases, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant or applicable laws to recover assets or avoid transfers.

## Global Notes and Overview of Methodology

1. **Description of Chapter 7 Cases**. On October 26, 2026 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under chapter 7 of the Bankruptcy Code

2. **"As Of" Information Date**. To the best of Debtor's knowledge, and except with respect to certain financial information or estimates that are updated less frequently than at each month's end, or as otherwise noted, certain of the information provided in the Schedules and Statement represents the asset and liability data of the Debtor as of either September 30, 2026 (the "**Information Date**") or the Petition Date, as specified in the Global Notes.

3. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statement, but inadvertent errors or omissions, as well as discovery of conflicting, revised, or subsequent information that may cause a material change to the Schedules and Statement, may exist. The Debtor reserves all rights to (i) revise, amend, and/or supplement the Schedules and Statement from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statement with respect to the description or designation of any claim against the Debtor ("**Claim**")[1]; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statement as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (iv) object to the extent, validity, enforceability, priority, or avoidability of any Claim (regardless of whether such Claim is designated in the Schedules and Statement as "disputed," "contingent," or "unliquidated"). Any failure to designate a Claim in the Schedules and Statement as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor. Furthermore, nothing contained in the Schedules and Statement shall constitute a waiver of rights with respect to Debtor's chapter 7 case, including issues involving Claims, substantive consolidation, defenses, equitable subordination, characterization or recharacterization of contracts and leases, assumption or rejection of contracts and leases, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, and any other relevant or applicable non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

4. **Basis of Presentation**. Information contained in the Schedules and Statement has been derived from the Company's books and records and historical financial statement. For financial reporting purposes, the Company generally prepares a consolidated financial statement, which includes financial information for the Debtor and certain non-Debtor affiliates. As a result, the Debtor has not historically accounted for its assets and liabilities on an entity-by-entity basis and the Schedules and Statement neither purport to represent a financial statement prepared in accordance with GAAP nor are they intended to be fully reconciled with the financial statement prepared by the Debtor. The Schedules and

[1] For the purposes of these Global Notes, the term Claim shall have the meaning set forth in section 101(5) of the Bankruptcy Code.

Statement contain unaudited information that is subject to further review and potential adjustment.

5. **No Admission**. Nothing contained in the Schedules, the Statement, or the Global Notes is intended to be or should be construed as an admission or stipulation of the validity of any Claim against the Debtor or any assertion made, or a waiver of the Debtor's rights to dispute any such Claim or assert any cause of action or defense against any party.

6. **Net Book Value of Assets and Liabilities**. Current market valuations are not maintained by or readily available to the Debtor. It would be prohibitively expensive and unduly burdensome for the Debtor to obtain current market valuations for its assets. Unless otherwise indicated, the asset information provided in the Schedules and Statement, except as may be otherwise noted, reflects net book values, as estimated by the Debtor, as of the Information Date, and the liability information provided in the Schedules and Statement, except as may be otherwise noted, reflects net book values, as estimated by the Debtor, as of the Information Date. Because the net book values of certain assets may materially differ from their fair market values, the Debtor has indicated that the value of certain assets is unknown or undetermined. The description of an amount as unknown or undetermined is not intended to reflect upon the materiality of such amount. Amounts ultimately realized may vary materially from net book value or any other value so ascribed. Accordingly, the Debtor reserves its rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statement, as necessary. For the avoidance of doubt, nothing contained in the Schedules and Statement is indicative of the Debtor's enterprise value. The omission of an asset from the Schedules and Statement does not constitute a representation regarding the economic value or ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtor with respect to such asset.

Net book values of assets generally do not reflect the current performance of the assets or the impact of the industry environment and may differ materially from the actual value and/or performance of the underlying assets.

7. **Recharacterization**. Notwithstanding the Debtor's reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statement, the Debtor may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items. Accordingly, the Debtor reserves all rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statement at a later time as is necessary or appropriate as additional information becomes available.

8. **Duplication**. Certain of the Debtor's assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Schedules and Statement. To the extent these disclosures would be duplicative, the Debtor has determined to only list such assets, liabilities, and prepetition payments once.

9. **Classifications**. Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E/F as "priority," (c) a Claim on Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor that such

claim is entitled to priority treatment, including under section 503 and/or section 507 of the Bankruptcy Code or a waiver of the Debtor's rights to recharacterize or reclassify such Claims or contracts or to setoff such Claims. For the avoidance of doubt, the Debtor reserves all rights to dispute the amount and/or the priority status of any claim on any basis at any time.

10. **Accounts Payable and Disbursement System**. The Debtor maintains a cash management system to collect and disburse funds in the ordinary course of business.

11. **Excluded Assets and Liabilities**. The Debtor may have excluded certain assets and liabilities in the Schedules and Statement that are otherwise included in its financial statement or books and records. Certain liabilities resulting from accruals, liabilities recognized in accordance with GAAP, and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported. Accordingly, they do not represent specific rights to payment or other claims as of the Petition Date and are not otherwise set forth in the Schedules. As further described below, certain deferred assets, charges, accounts, or reserves recorded for GAAP reporting purposes only, and certain assets with a net book value of zero, are not included in the Schedules. Other excluded categories of assets and liabilities include, but are not limited to, deferred tax assets and liabilities, deferred income, deferred charges, and rejection damage claims (if any) of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims may exist in the future. Other immaterial or de minimis assets and liabilities may also have been excluded.

12. **Personally Identifiable Information**. The Debtor may collect personally identifiable information from third parties. Examples of the types of information collected by the Debtor includes name, mailing address, telephone number, email address, personal identification numbers, among others. The Debtor retains such information only for the Debtor to comply with business, tax, and legal requirements, subject to applicable retention and deletion laws.

13. **Intellectual Property Rights**. The exclusion of certain intellectual property shall not be construed as an admission that such intellectual property or intellectual property rights are not owned by the Debtor, have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, other transaction, or have immaterial value. Accordingly, the Debtor reserves all its rights with respect to the legal status of any and all such intellectual property rights.

14. **Property Rights**. Exclusion of certain property rights, including without limitation intellectual, real, personal, or otherwise, from the Schedules and Statement should not be construed as an admission that such property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain property rights shall not be construed to be an admission that such property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or

other transaction. Accordingly, the Debtor reserves all of its rights with respect to the legal status of any and all property rights.

15. **Claims of Third-Party Related Entities**. Although the Debtor has made every effort to properly classify each Claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtor has not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtor's obligations to both such entity and its affiliates. Therefore, to the extent that the Debtor has classified its estimate of Claims of a creditor as disputed, all Claims of such creditor's affiliates listed in the Schedules and Statement shall similarly be considered as disputed, whether or not they are designated as such.

16. **Zero Dollar Amounts**. Amounts listed may also have unliquidated or undetermined components.

17. **Executory Contracts and Unexpired Leases**. The Debtor does not make, and specifically disclaims, any representation or warranty as to the completeness or accuracy of the information set forth in Schedule G. Accordingly, the Debtor reserves all rights with respect to the named parties of any and all executory contracts and unexpired leases, including the right to amend Schedule G. The Debtor further reserves all of its rights, claims, and causes of action with respect to the contracts, leases, and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Moreover, the inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, and the Debtor reserves all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated or otherwise suspended prepetition including, but not limited to, based on events of force majeure or due to impossibility or impracticability of performance.

18. **Guarantees and Other Secondary Liability Claims**. The Debtor has exercised reasonable efforts to locate and identify guarantees in its executory contracts, unexpired leases, financings, and other such agreements. The Debtor reserves its rights, but is not required, to amend the Schedules and Statement if additional guarantees are identified.

19. **Scheduled Claims**. Any failure to designate a Claim on the Debtor's Schedules and Statement as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtor reserves its rights to dispute or assert offsets or defenses to any Claim reflected on its Schedules and Statement on any grounds, including liability, priority, and classification. Additionally, the Debtor expressly reserves its rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtor.

20. **Estimates and Assumptions**. The preparation of the Schedules and Statement required the Debtor to make certain reasonable estimates and assumptions that affect the reported amounts and accruals of assets and liabilities and of contingent assets and contingent liabilities on the date of the Schedules and Statement, among other reported amounts. Although such amounts and accruals are based on currently known information, these amounts and accruals do not reflect the full range of possible outcomes, and actual results may differ materially from such estimates and may be adjusted in the future based on new developments. The Debtor reserves all rights to amend the Schedules and Statement to reflect changes in those estimates and assumptions.

21. **Claims and Causes of Action**. Despite its reasonable efforts to identify all known assets, the Debtor may not have identified and/or listed all of its causes of action or potential causes of action against third parties as assets in the Schedules and Statement, including causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") it may have, and neither these Global Notes nor the Schedules and Statement shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

22. **Indemnification**. Certain of the Debtor's governing documents may provide for indemnification of its current and former officers. Further, the Debtor may have entered into separate agreements with certain directors and officers whereby the Debtor agreed to indemnify such parties in certain circumstances according to the particular terms or conditions set forth in those agreements. The Debtor has not reached a determination as to whether certain potentially indemnified persons are eligible for indemnification under the terms of any applicable agreement. The Debtor has separately listed on Schedule G certain contracts with such covered persons, but the Debtor reserves all rights with respect thereto, including the right to assert that the individual is not entitled to indemnification and that the agreements do not constitute executory contracts.

23. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

- Undetermined Amounts. The description of an amount as "unknown," "TBD," "undetermined," or "unliquidated" is not intended to reflect upon the materiality of such amount.

- Totals. All totals that are included in the Schedules and Statement represent totals of all known or reasonably estimated amounts. To the extent there are amounts presently unknown or of undetermined value, the actual total may be different than the total listed in the Schedules and Statement.

- Liens. Property and equipment listed in the Schedules and Statement are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

- Currency. Unless otherwise indicated, all amounts are reflected in U.S. Dollars. Any currency conversions are as of the Petition Date.

24. Intercompany Payables and Receivables. Intercompany receivables and payables, dividends, and capital contributions among the Debtor in this chapter 7 case and its non-Debtor affiliates (the "Intercompany Claims") are not reported on Schedule A/B or Schedule E/F. Certain Intercompany Claims may be recorded in the Debtor's accounting systems. The omission of any amounts with respect to such receivables and payables is not and shall not be construed as an admission of the characterization of such balances as debt or otherwise. Furthermore, the omission of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or Claim status of any intercompany liability account. The Debtor reserves all rights to later update or change the characterization, classification, categorization, or designation of intercompany accounts reported in the Schedules and Statement.

The Debtor has made reasonable efforts to indicate the ultimate beneficiary of a payment or obligation. Whether or not a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law. The Debtor reserves all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

Historically, there has not been a high level of intercompany transactions between Debtor and non-Debtor entities. However, from time to time, Debtor may pay for relatively immaterial expenses related to costs of doing business related to non-Debtor entities. The Debtor believes these amounts to be immaterial and paid for by the property, with no payable or receivable created.

25. **Setoffs**. The Debtor may incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes. Although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtor's Schedules and Statement.

26. **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtor's books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtor.

**Specific Disclosures with Respect to the Debtor's Schedules**

**Schedules Summary**. Except as otherwise noted, the asset and liability information provided in the Schedules represents the Debtor's assets and liabilities as of the Information Date. Certain of the Schedules may contain explanatory or qualifying notes that pertain to the information provided in those Schedules. Those Schedule-specific notes are incorporated herein by reference.

All values set forth in Schedule A/B reflect the book value of the Debtor's assets as of the Information Date, to the extent that such value is reflected in the Debtor's books and records and unless otherwise noted elsewhere. For financial reporting purposes, the Debtor ordinarily prepares a consolidated financial statement. Unlike the consolidated financial statement, the Schedules reflect the assets and liabilities of the Debtor on a nonconsolidated basis. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtor for financial reporting purposes or otherwise. To the extent there are unknown or undetermined amounts, the actual total may be different than the total listed.

The Schedules neither purport to represent a financial statement prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statement of the Debtor. Certain write-downs, impairments, reserves, charges and other accounting adjustments may not be reflected in the Schedules or are incomplete or preliminary. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment and reflect the Debtor's reasonable best efforts to report the assets and liabilities of the Debtor on an unconsolidated basis.

**Schedules A/B**

Part 1:

- The balances of the financial accounts listed on Schedule A/B, Part 1 are reflected on the Debtor's bank statement as September 30, 2026, or as of the Petition Date as indicated in the relevant exhibit.

Part 2:

- Deposits and prepayments are estimated as of the Petition Date. The Debtor has made best efforts to include all deposits and prepayments. However, in the ordinary course of business, the Debtor may have disbursed funds to creditors that may have resulted in credit memos not captured in Schedules A/B.

Part 3:

- Accounts receivable and tax refunds receivable are estimated as of the Petition Date. The Debtor may have net operating loss assets earned through ordinary course operations in prior tax periods. However, the Debtor was not able to identify the net operating loss assets or estimate the amount of such assets prior to the Petition Date.

<u>Schedule E/F</u>

- The inclusion of any claim on Schedule E/F does not constitute an admission by the Debtor that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtor reserves all rights to dispute the amount and/or priority status of any claim on any basis at any time.

- Schedule E/F contains information regarding potential and/or pending litigation involving the Debtor. All asserted or potential litigation-related claims referenced in Schedule E/F are contingent, unliquidated, and disputed. Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtor's liabilities with respect to any of the pending and/or potential lawsuits and proceedings included therein.

<u>Schedule G</u>

- Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or overinclusion may have occurred. The Debtor does not make, and specifically disclaims, any representation or warranty as to the completeness or accuracy of the information set forth in Schedule G, and Schedule G may be amended at any time to address any inaccuracies. Additionally, the Debtor hereby expressly reserves the right to assert that any instrument listed on Schedule G is or is not an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code. The Debtor reserves all of its rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule G, including, but not limited to its right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim. In addition, agreements and underlying documentation related to the Debtor's prepetition debt is not included in Schedule G. The Debtor reserves all its rights with respect to such agreements.

- Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, rights of first refusal, among other rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtor may have entered into various other types of agreements in the ordinary course of business, such as supplemental agreements, amendments/letter agreements, and confidentiality agreements. Such documents also are not set forth in Schedule G.

- Certain of the contracts and agreements listed on Schedule G may consist of several parts, including purchase orders, amendments, restatement, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. The contracts, agreements, and leases listed on Schedule G may have expired or may have been terminated, modified, amended, or supplemented from time to time by various amendments, restatement, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtor's use of reasonable efforts to identify such documents. The Debtor reserves its rights to

challenge whether such related materials constitute an executory contract, unexpired lease, or agreement, a single contract, lease, or agreement, or multiple, severable, or separate contracts, leases, or agreements.

- In the ordinary course of business, the Debtor may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed on Schedule G due to confidentiality clauses. The Debtor reserves all of its rights with respect to such agreements.

- Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

Schedule H

- The Debtor may not have identified certain guarantees that are embedded in the Debtor's executory contracts, unexpired leases, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.

## Specific Disclosures with Respect to the Debtor's Statement

Part 1:

- **Questions 1 and 2 – Income and Non-Business Revenue**. Revenue has been provided through September 30, 2026, and is inclusive of both sales to third parties as well as intercompany sales to other non-Debtor entities.

Part 2:

- **Questions 3 and 4 – Payments to Creditors and Payments Benefitting Insiders**. Any payments made to the Debtor's bankruptcy professionals within the 90 days prior to the Petition Date are disclosed in response to Statement, Part 6, Question 11, and also listed in response to this question.

  To the best of the Debtor's knowledge and based on the information reasonably available to the Debtor as of the date hereof, the information reported on Statement, Part 2, Question 4 reflects the total payments made to insiders of the Debtor during the one year prior to the Petition Date that are reflected in the Debtor's books and records as of the Petition Date.

  Nothing in the Debtor's responses to Statement, Part 2, Questions 3 and 4 shall constitute an admission regarding (i) the legal characterization of any payment, including whether any such payment constitutes a preferential transfer under applicable law, (ii) the identity of the obligor with respect to any underlying claim, or (iii) the allocation of any payment between Debtor and non-Debtor affiliates. The Debtor reserves all rights with respect thereto.

Part 3:

- **Question 7 – Legal Actions**. The Debtor reserves all of its rights and defenses with respect to any and all listed actions, lawsuits, and other proceedings. The listing of such actions and proceedings shall not constitute an admission by the Debtor of any liabilities or that the actions or proceedings were correctly filed against the Debtor or any affiliates of the Debtor. Moreover, the Debtor's designation of the status with respect to any action listed in Statement, Part 3, Question 7 does not constitute an admission regarding the status of any such action, and the Debtor reserves all rights with respect to the status of such actions.

Part 13:

- **Question 26a – Accountants and Bookkeepers**. Addresses for the individuals listed will be made available upon request.

[*Remainder of page intentionally left blank.*]

**Fill in this information to identify the case:**

Debtor name Drystone Capital Corporation

United States Bankruptcy Court for the: ______________________ District of Delaware (State)

Case number (If known): 26-11680

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

## Part 1: Income

1. **Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 01/01/2026 (MM / DD / YYYY) | to Filing date | ☑ Operating a business<br>☐ Other | $23,355,656.00 |
| **For prior year:** | From 01/01/2025 (MM / DD / YYYY) | to 12/31/2025 (MM / DD / YYYY) | ☑ Operating a business<br>☐ Other | $26,279,681.00 |
| **For the year before that:** | From 01/01/2024 (MM / DD / YYYY) | to 12/31/2024 (MM / DD / YYYY) | ☑ Operating a business<br>☐ Other | $24,376,503.00 |

2. **Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 01/01/2026 (MM / DD / YYYY) | to Filing date | Interest | $0.00 |
| **For prior year:** | From 01/01/2025 (MM / DD / YYYY) | to 12/31/2025 (MM / DD / YYYY) | Interest | $0.00 |
| **For the year before that:** | From 01/01/2024 (MM / DD / YYYY) | to 12/31/2024 (MM / DD / YYYY) | Interest | $0.00 |

Debtor Drystone Capital Corporation
Name

Case number (*if known*) 26-11680

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1. | See Exhibit 207.02.03<br>Creditor's name<br>Street<br>City State ZIP Code | | $ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |
| 3.2. | Creditor's name<br>Street<br>City State ZIP Code | | $ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | See Exhibit 207.02.04<br>Insider's name<br>Street<br>City State ZIP Code<br>**Relationship to debtor** | | $ | |
| 4.2. | Insider's name<br>Street<br>City State ZIP Code<br>**Relationship to debtor** | | $ | |

Debtor Drystone Capital Corporation
Name

Case number (*if known*) 26-11680

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | Creditor's name<br>Street<br>City State ZIP Code | | | $ |
| 5.2. | Creditor's name<br>Street<br>City State ZIP Code | | | $ |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name<br>Street<br>City State ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | $ |

## Part 3: Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Oak Street Funding LLC v. Drystone Capital Corporation<br>**Case number**<br>29C01-2610-PL-01265 | Civil | Indiana Superior Court (Name)<br>Hamilton Circuit Court (Street)<br>1 N 8th Street<br>Noblesville IN 46060 (City State ZIP Code) | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | Mediation with Sutton Specialty Insurance Co.<br>**Case number**<br>N/A | | N/A (Name)<br>Street<br>City State ZIP Code | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

Debtor Drystone Capital Corporation
Name

Case number (if known) 26-11680

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| Custodian's name<br>Street<br>City State ZIP Code | | $ |
| | **Case title** | **Court name and address** |
| | | Name<br>Street<br>City State ZIP Code |
| | **Case number** | |
| | **Date of order or assignment** | |

## Part 4: Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. Recipient's name<br>Street<br>City State ZIP Code<br>**Recipient's relationship to debtor** | | | $ |
| 9.2. Recipient's name<br>Street<br>City State ZIP Code<br>**Recipient's relationship to debtor** | | | $ |

## Part 5: Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property).* | Date of loss | Value of property lost |
|---|---|---|---|
| Cash - Cybercrime | Insurance recovery - $250,000.00 | 10/2025 | $ 769,888.98 |

Debtor Drystone Capital Corporation
Name

Case number (*if known*) 26-11680

## Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | See Exhibit 207.06.11 | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City State ZIP Code | | | |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City State ZIP Code | | | |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | $ |
| **Trustee** | | | |

Debtor Drystone Capital Corporation
Name

Case number (*if known*) 26-11680

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | See Exhibit 207.06.13 | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City State ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | **Who received transfer?** | | | $ |
| 13.2. | | | | |
| | **Address** | | | |
| | Street | | | |
| | City State ZIP Code | | | |
| | **Relationship to debtor** | | | |

## Part 7: Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1. | Street<br>City State ZIP Code | From ____ To ____ |
| 14.2. | Street<br>City State ZIP Code | From ____ To ____ |

Debtor Drystone Capital Corporation
Name

Case number (*if known*) 26-11680

## Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.1. | Facility name<br>Street<br>City State ZIP Code | | |
| | | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?**<br>*Check all that apply:*<br>☐ Electronically<br>☐ Paper |
| 15.2. | Facility name<br>Street<br>City State ZIP Code | | |
| | | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?**<br>*Check all that apply:*<br>☐ Electronically<br>☐ Paper |

## Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
☑ Yes. State the nature of the information collected and retained. Basic Customer Data

Does the debtor have a privacy policy about that information?

☐ No
☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
☑ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.
☑ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| Drystone Capital Corporation 401(k) Plan | EIN: 5 2 – 2 2 2 2 2 3 0 |

Has the plan been terminated?

☑ No
☐ Yes

Debtor Drystone Capital Corporation
Name

Case number *(if known)* 26-11680

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | Name<br>Street<br>City State ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other______ | ______ | $______ |
| 18.2. | Name<br>Street<br>City State ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other______ | ______ | $______ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br>Street<br>City State ZIP Code | ______<br>Address | ______ | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br>Street<br>City State ZIP Code | ______<br>Address | ______ | ☐ No<br>☐ Yes |

Debtor Drystone Capital Corporation
Name

Case number (*if known*) 26-11680

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| Name<br>Street<br>City State ZIP Code | | | $ |

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| <br>**Case number** | Name<br>Street<br>City State ZIP Code | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name<br>Street<br>City State ZIP Code | Name<br>Street<br>City State ZIP Code | | |

Debtor Drystone Capital Corporation Case number (if known) 26-11680

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name<br>Street<br>City State ZIP Code | Name<br>Street<br>City State ZIP Code | | |

## Part 13: Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number (Do not include Social Security number or ITIN.) | Dates business existed |
|---|---|---|---|---|
| 25.1. | Liquitas Holdings LTD.<br>Wessex House, 3rd Floor, 45 Reid Street<br>Hamilton, HM12, Bermuda | Holding Company | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ | From 2014 To Current |
| 25.2. | DryStone Re, LLC<br>Stone Hill, 40 Springwish Lane<br>Flint Hill, VA 22726 | Insurance | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ | From 05/29/2024 To Current |
| 25.3. | DryStone Risk, Inc.<br>Stone Hill, 40 Springwish Lane<br>Flint Hill, VA 22726 | Insurance | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ | From 2021 To Current |

Debtor Drystone Capital Corporation
Name

Case number *(if known)* 26-11680

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

❑ None

| | Name and address | Dates of service |
|---|---|---|
| 26a.1. | Phoenix Bookkeeping, LLC<br>c/o Karen Pomarico, 455 Quinta St.<br>Longs, SC 29568 | From Unknown To 10/26/2026 |
| 26a.2. | Align Risk Solutions, LLC<br>3322 West End Ave<br>Suite 120<br>Nashville, TN 37203 | From Unknown To 10/26/2026 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

❑ None

| | Name and address | Dates of service |
|---|---|---|
| 26b.1. | RH CPAs PLLC<br>212 W. Center St.<br>Lexington, NC 27292 | From Unknown To 10/26/2026 |
| 26b.2. | Name<br>Street<br>City State ZIP Code | From ___ To ___ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

❑ None

| | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1. | Align Risk Solutions, LLC<br>3322 West End Ave<br>Suite 120<br>Nashville, TN 37203 | |

Debtor Drystone Capital Corporation Case number (*if known*) 26-11680

| | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.2. | Phoenix Bookkeeping, LLC c/o Karen Pomarico<br>455 Quinta St.<br>Longs, SC 29568 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

**Name and address** See supplemental disclosure for Section 207.13.26

26d.1. Oak Street Funding, LLC
8888 Keystone Crossing, Suite 1700
Indianapolis IN 46240

**Name and address**

26d.2. Connecticut Insurance Department
280 Trumbull St.
7th Floor
Hartford, CT 06103

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

**Name and address of the person who has possession of inventory records**

27.1. Name
Street
City State ZIP Code

Debtor: Drystone Capital Corporation (Name)  Case number (if known): 26-11680

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

Name and address of the person who has possession of inventory records

27.2. Name
Street
City State ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Greg Doyle | Address on file | Officer, not indicated | 0.0000% |
| Cloyd Laporte III | Address on file | Officer/Shareholder, Stock and/or Equity | 25.6491% |
| John B. Henry | Address on file | Officer/Shareholder, Stock and/or Equity | 74.3509% |
| Brian O'Hara | Address on file | Director, not indicated | 0.0000% |
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Scott Marks | Address on file | Officer | From ____ To ____ |
| | | | From ____ To ____ |
| | | | From ____ To ____ |
| | | | From ____ To ____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. See Exhibit 207.13.30 (Name) | | | |
| Street | | | |
| City State ZIP Code | | | |
| Relationship to debtor | | | |

Debtor Drystone Capital Corporation Case number (*if known*) 26-11680
Name

**Name and address of recipient**

30.2 ______
Name
______
Street
______
______
City State ZIP Code

**Relationship to debtor**

______

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

- ☐ No
- ☑ Yes. Identify below.

| **Name of the parent corporation** | **Employer Identification number of the parent corporation** |
|---|---|
| Drystone Capital Corporation | EIN: 5 2 – 2 2 2 2 2 3 0 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

- ☑ No
- ☐ Yes. Identify below.

| **Name of the pension fund** | **Employer Identification number of the pension fund** |
|---|---|
| | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/09/2026
MM / DD / YYYY

✘ Cloyd Laporte
Signature of individual signing on behalf of the debtor

Printed name Cloyd Laporte III

Position or relationship to debtor Chief Operating Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

- ☐ No
- ☑ Yes

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.03 | Payments / Transfers to Creditors**

| Date | Creditor / Mailing Address | Amount ($) | Reason |
|---|---|---|---|
| 07/31/2026 | Acrisure Re Corporate and Advisory Solutions, LLC<br>One Liberty Plaza<br>165 Broadway, Suite 1910<br>New York, NY 10006 | 50,000.00 | Services |
| 08/07/2026 | Acrisure Re Corporate and Advisory Solutions, LLC<br>One Liberty Plaza<br>165 Broadway, Suite 1910<br>New York, NY 10006 | 50,000.00 | Services |
| 07/30/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 10,507.65 | Services |
| 07/30/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 37,694.57 | Services |
| 08/07/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 273.96 | Services |
| 08/13/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 9,781.68 | Services |
| 08/13/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 37,694.54 | Services |
| 08/21/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 309.76 | Services |
| 08/28/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 21,768.32 | Services |
| 08/28/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 44,267.33 | Services |
| 09/04/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 279.56 | Services |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.03 | Payments / Transfers to Creditors**

| Date | Creditor / Mailing Address | Amount ($) | Reason |
|---|---|---|---|
| 09/14/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 20,443.11 | Services |
| 09/14/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 44,905.40 | Services |
| 09/25/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 315.36 | Services |
| 09/29/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 45,989.41 | Services |
| 09/29/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 20,354.76 | Services |
| 10/26/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 2,388.44 | Services |
| 10/09/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 279.56 | Services |
| 10/14/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 20,401.63 | Services |
| 10/14/2026 | ADP Inc.<br>71 Hanover Road<br>Florham, NJ 07932 | 49,446.24 | Services |
| 08/03/2026 | Albert J Beer<br>ADDRESS ON FILE | 5,000.00 | Services |
| 08/13/2026 | Align Risk Solutions<br>3322 West End Ave.<br>Suite 120<br>Nashville, TN 37203 | 35,000.00 | Services |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.03 | Payments / Transfers to Creditors**

| Date | Creditor / Mailing Address | Amount ($) | Reason |
|---|---|---|---|
| 08/19/2026 | American Express<br>PO Box 1270<br>Newark, NJ 07101 | 5,119.29 | Services |
| 10/01/2026 | American Express<br>PO Box 1270<br>Newark, NJ 07101 | 19,186.41 | Services |
| 10/19/2026 | American Express<br>PO Box 1270<br>Newark, NJ 07101 | 4,864.13 | Services |
| 10/19/2026 | American Express<br>PO Box 1270<br>Newark, NJ 07101 | 4,968.13 | Services |
| 10/19/2026 | American Trust Retirement Services<br>5120 Derry Street<br>PO Box 4710<br>Harrisburg, PA 17111 | 1,218.99 | Services |
| 09/01/2026 | Bank of New York<br>240 Greenwich St<br>New York, NY 10286 | 3,311.60 | Services |
| 09/09/2026 | Bank of New York<br>240 Greenwich St<br>New York, NY 10286 | 3,631.94 | Services |
| 08/13/2026 | Better World Technologies<br>11921 Freedom Drive<br>Suite 550<br>Reston, VA 20190 | 1,967.46 | Services |
| 10/16/2026 | Better World Technologies<br>11921 Freedom Drive<br>Suite 550<br>Reston, VA 20190 | 1,863.02 | Services |
| 08/11/2026 | Brightspeed / Connect Holding LLC<br>9111 Cross Park Drive<br>STE D200<br>Knoxville, TN 37923 | 68.02 | Services |
| 10/14/2026 | Brightspeed / Connect Holding LLC<br>9111 Cross Park Drive<br>STE D200<br>Knoxville, TN 37923 | 57.68 | Services |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.03 | Payments / Transfers to Creditors**

| Date | Creditor / Mailing Address | Amount ($) | Reason |
|---|---|---|---|
| 10/19/2026 | Brown Rudnick LLP<br>One Financial Center<br>Boston, MA 02111 | 20,000.00 | Services |
| 10/06/2026 | CMP Risk Services<br>1 SE Ocean Blvd<br>Stuart, FL 34994 | 30,935.50 | Services |
| 09/01/2026 | Debevoise & Plimpton LLP<br>66 Hudson Blvd<br>New York, NY 10001 | 200,000.00 | Services |
| 09/28/2026 | Debevoise & Plimpton LLP<br>66 Hudson Blvd<br>New York, NY 10001 | 75,000.00 | Services |
| 10/13/2026 | Debevoise & Plimpton LLP<br>66 Hudson Blvd<br>New York, NY 10001 | 50,000.00 | Services |
| 09/23/2026 | Dickinson Wright<br>5 City Blvd.<br>Suite 700<br>Nashville, TN 37209 | 697.50 | Services |
| 09/23/2026 | Dickinson Wright<br>5 City Blvd.<br>Suite 700<br>Nashville, TN 37209 | 3,636.00 | Services |
| 09/23/2026 | Dickinson Wright<br>5 City Blvd.<br>Suite 700<br>Nashville, TN 37209 | 12,280.50 | Services |
| 09/23/2026 | Dickinson Wright<br>5 City Blvd.<br>Suite 700<br>Nashville, TN 37209 | 41,386.50 | Services |
| 09/23/2026 | Dickinson Wright<br>5 City Blvd.<br>Suite 700<br>Nashville, TN 37209 | 46,123.83 | Services |
| 09/15/2026 | First Financial Bank<br>225 Pictoria Dr<br>Suite 120<br>Cincinnati, OH 45246 | 293.50 | Services |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.03 | Payments / Transfers to Creditors**

| Date | Creditor / Mailing Address | Amount ($) | Reason |
|---|---|---|---|
| 08/17/2026 | First Financial Bank<br>225 Pictoria Dr<br>Suite 120<br>Cincinnati, OH 45246 | 1,061.45 | Services |
| 09/15/2026 | First Financial Bank<br>225 Pictoria Dr<br>Suite 120<br>Cincinnati, OH 45246 | 1,043.85 | Services |
| 10/14/2026 | First Financial Bank / Yellow Cardinal<br>255 East Fifth Street<br>Cincinnati, OH 45202 | 2,408.90 | Services |
| 07/31/2026 | Foundry Capital - Trisura<br>210 Park Ave<br>Suite 1300<br>Oklahoma City, OK 73102 | 38,269.81 | Services |
| 08/27/2026 | Gallo Vitucci Klar LLP<br>711 Third Avenue<br>Suite 500<br>New York, NY 10017 | 200,000.00 | Services |
| 10/26/2026 | Ice Miller LLP<br>One American Square<br>Suite 2900<br>Indianapolis, IN 46282 | 10,000.00 | Services |
| 08/19/2026 | Infinity Constelation / Supernal<br>42 Broadway Suite 12-443<br>Suite 12-443<br>New York, NY 10004 | 21,600.00 | Services |
| 09/08/2026 | Infinity Constelation / Supernal<br>42 Broadway Suite 12-443<br>Suite 12-443<br>New York, NY 10004 | 13,500.00 | Services |
| 10/08/2026 | Infinity Constelation / Supernal<br>42 Broadway Suite 12-443<br>Suite 12-443<br>New York, NY 10004 | 13,500.00 | Services |
| 08/19/2026 | Melio Payments Inc<br>124 E 14th St<br>New York, NY 10003 | 1.50 | Services |
| 10/16/2026 | Melio Payments Inc<br>124 E 14th St<br>New York, NY 10003 | 1.50 | Services |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.03 | Payments / Transfers to Creditors**

| Date | Creditor / Mailing Address | Amount ($) | Reason |
|---|---|---|---|
| 07/30/2026 | Mid Atlantic Trust<br>1251 Waterfront Place<br>Pittsburgh, PA 15222 | 1,000.00 | Services |
| 08/13/2026 | Mid Atlantic Trust<br>1251 Waterfront Place<br>Pittsburgh, PA 15222 | 1,000.00 | Services |
| 08/28/2026 | Mid Atlantic Trust<br>1251 Waterfront Place<br>Pittsburgh, PA 15222 | 8,833.32 | Services |
| 09/04/2026 | Mid Atlantic Trust<br>1251 Waterfront Place<br>Pittsburgh, PA 15222 | 33,334.38 | Services |
| 09/14/2026 | Mid Atlantic Trust<br>1251 Waterfront Place<br>Pittsburgh, PA 15222 | 8,833.32 | Services |
| 10/01/2026 | Mid Atlantic Trust<br>1251 Waterfront Place<br>Pittsburgh, PA 15222 | 8,833.32 | Services |
| 10/07/2026 | Mid Atlantic Trust<br>1251 Waterfront Place<br>Pittsburgh, PA 15222 | (8,833.32) | Services |
| 10/14/2026 | Mid Atlantic Trust<br>1251 Waterfront Place<br>Pittsburgh, PA 15222 | 8,833.32 | Services |
| 08/03/2026 | North American Risk Services, Inc.<br>240 E. Central Parkway<br>Suite 4010<br>Altamonte Springs, FL 32701 | 7,905.34 | Services |
| 08/10/2026 | North American Risk Services, Inc.<br>240 E. Central Parkway<br>Suite 4010<br>Altamonte Springs, FL 32701 | 4,259.08 | Services |
| 07/28/2026 | North American Risk Services, Inc.<br>240 E. Central Parkway<br>Suite 4010<br>Altamonte Springs, FL 32701 | 6,619.35 | Services |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.03 | Payments / Transfers to Creditors**

| Date | Creditor / Mailing Address | Amount ($) | Reason |
|---|---|---|---|
| 08/03/2026 | North American Risk Services, Inc.<br>240 E. Central Parkway<br>Suite 4010<br>Altamonte Springs, FL 32701 | 51.51 | Services |
| 08/03/2026 | North American Risk Services, Inc.<br>240 E. Central Parkway<br>Suite 4010<br>Altamonte Springs, FL 32701 | 22,356.19 | Services |
| 08/03/2026 | North American Risk Services, Inc.<br>240 E. Central Parkway<br>Suite 4010<br>Altamonte Springs, FL 32701 | 51.51 | Services |
| 08/03/2026 | North American Risk Services, Inc.<br>240 E. Central Parkway<br>Suite 4010<br>Altamonte Springs, FL 32701 | 22,356.19 | Services |
| 08/10/2026 | North American Risk Services, Inc.<br>240 E. Central Parkway<br>Suite 4010<br>Altamonte Springs, FL 32701 | 399.00 | Services |
| 08/13/2026 | North American Risk Services, Inc.<br>240 E. Central Parkway<br>Suite 4010<br>Altamonte Springs, FL 32701 | 5,717.60 | Services |
| 07/29/2026 | North American Risk Services, Inc.<br>240 E. Central Parkway<br>Suite 4010<br>Altamonte Springs, FL 32701 | 66,070.71 | Services |
| 08/21/2026 | Oak Street Funding<br>8888 Keystone Crossing<br>Suite 1700<br>Indianapolis, IN 46420 | 42,043.75 | Secured debt |
| 08/21/2026 | Oak Street Funding<br>8888 Keystone Crossing<br>Suite 1700<br>Indianapolis, IN 46420 | 44,347.23 | Secured debt |
| 08/21/2026 | Oak Street Funding<br>8888 Keystone Crossing<br>Suite 1700<br>Indianapolis, IN 46420 | 44,721.34 | Secured debt |
| 08/21/2026 | Oak Street Funding<br>8888 Keystone Crossing<br>Suite 1700<br>Indianapolis, IN 46420 | 99,414.32 | Secured debt |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.03 | Payments / Transfers to Creditors**

| Date | Creditor / Mailing Address | Amount ($) | Reason |
|---|---|---|---|
| 08/21/2026 | Oak Street Funding<br>8888 Keystone Crossing<br>Suite 1700<br>Indianapolis, IN 46420 | 157,879.21 | Secured debt |
| 08/13/2026 | Oliver James Associates<br>1230 Avenue of the Americas<br>Floor 18<br>New York, NY 10020 | 21,715.00 | Services |
| 08/31/2026 | Oliver James Associates<br>1230 Avenue of the Americas<br>Floor 18<br>New York, NY 10020 | 8,600.00 | Services |
| 09/14/2026 | Oliver James Associates<br>1230 Avenue of the Americas<br>Floor 18<br>New York, NY 10020 | 9,245.00 | Services |
| 09/24/2026 | Oliver James Associates<br>1230 Avenue of the Americas<br>Floor 18<br>New York, NY 10020 | 7,310.00 | Services |
| 10/09/2026 | Oliver James Associates<br>1230 Avenue of the Americas<br>Floor 18<br>New York, NY 10020 | 6,987.00 | Services |
| 10/26/2026 | OLIVER TURNER<br>ADDRESS ON FILE | 2,089.81 | Services |
| 08/27/2026 | Oliver Wyman LLC<br>2323 Victory Avenue<br>Dallas, TX 75202 | 80,000.00 | Services |
| 09/09/2026 | Oliver Wyman LLC<br>2323 Victory Avenue<br>Dallas, TX 75202 | 80,665.63 | Services |
| 09/21/2026 | Oliver Wyman LLC<br>2323 Victory Avenue<br>Dallas, TX 75202 | 77,570.23 | Services |
| 09/25/2026 | Oliver Wyman LLC<br>2323 Victory Avenue<br>Dallas, TX 75202 | 55,284.32 | Services |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.03 | Payments / Transfers to Creditors**

| Date | Creditor / Mailing Address | Amount ($) | Reason |
|---|---|---|---|
| 10/15/2026 | Oliver Wyman LLC<br>2323 Victory Avenue<br>Dallas, TX 75202 | 48,659.26 | Services |
| 10/26/2026 | Phoenix Bookkeeping CT, LLC<br>2 Fern Avenue<br>Wallingford, CT 06492 | 2,010.81 | Services |
| 10/02/2026 | Phoenix Bookkeeping CT, LLC<br>2 Fern Avenue<br>Wallingford, CT 06492 | 2,321.35 | Services |
| 08/19/2026 | Pinnacle Actuaries<br>3109 Cornelius Dr.<br>Bloomington, IL 61704 | 70,348.75 | Services |
| 08/19/2026 | Pinnacle Actuaries<br>3109 Cornelius Dr.<br>Bloomington, IL 61704 | 13,981.25 | Services |
| 09/03/2026 | RH Cpas PLLC<br>212 W. Center St.<br>Lexington, NC 27292 | 350.00 | Services |
| 10/06/2026 | RH Cpas PLLC<br>212 W. Center St.<br>Lexington, NC 27292 | 2,100.00 | Services |
| 10/15/2026 | RH Cpas PLLC<br>212 W. Center St.<br>Lexington, NC 27292 | 1,000.00 | Services |
| 10/26/2026 | RICHARD WEIDMAN<br>5496 Applebutter Hill Rd.<br>Coopersburg, PA 18036 | 7,130.20 | Services |
| 08/05/2026 | TEXCAZ ALAE<br>210 Park Ave<br>Suite 1300<br>Oklahoma City, OK 73102 | 100,000.00 | Services |
| 08/18/2026 | Transamerica Life<br>PO Box 653009<br>Dallas, TX 75265 | 4,070.08 | Services |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.03 | Payments / Transfers to Creditors**

| Date | Creditor / Mailing Address | Amount ($) | Reason |
|---|---|---|---|
| 09/29/2026 | Transamerica Life<br>PO Box 653009<br>Dallas, TX 75265 | 4,070.08 | Services |
| 08/10/2026 | Travellers Business Insurance<br>PO Box 660317<br>Dallas, TX 75266 | 2,024.00 | Services |
| 08/21/2026 | Truist Bank<br>214 N. Tryon Street<br>Charlotte, NC 28202 | 155.15 | Services |
| 09/21/2026 | Truist Bank<br>214 N. Tryon Street<br>Charlotte, NC 28202 | 155.15 | Services |
| 10/21/2026 | Truist Bank<br>214 N. Tryon Street<br>Charlotte, NC 28202 | 155.15 | Services |
| 08/21/2026 | Truist Bank<br>214 N. Tryon Street<br>Charlotte, NC 28202 | 15.00 | Services |
| 09/21/2026 | Truist Bank<br>214 N. Tryon Street<br>Charlotte, NC 28202 | 15.00 | Services |
| 10/21/2026 | Truist Bank<br>214 N. Tryon Street<br>Charlotte, NC 28202 | 15.00 | Services |
| 10/26/2026 | Truist Bank<br>214 N. Tryon Street<br>Charlotte, NC 28202 | 20.00 | Services |
| 10/26/2026 | Truist Bank<br>214 N. Tryon Street<br>Charlotte, NC 28202 | 20.00 | Services |
| 10/26/2026 | Truist Bank<br>214 N. Tryon Street<br>Charlotte, NC 28202 | 20.00 | Services |

## DryStone Capital Corporation | Case No. 26-11680
## EXHIBIT 207.02.03 | Payments / Transfers to Creditors

| Date | Creditor / Mailing Address | Amount ($) | Reason |
|---|---|---|---|
| 10/26/2026 | Truist Bank<br>214 N. Tryon Street<br>Charlotte, NC 28202 | 345.36 | Services |
| 08/21/2026 | Truist Bank<br>214 N. Tryon Street<br>Charlotte, NC 28202 | 10.00 | Services |
| 09/21/2026 | Truist Bank<br>214 N. Tryon Street<br>Charlotte, NC 28202 | 10.00 | Services |
| 10/21/2026 | Truist Bank<br>214 N. Tryon Street<br>Charlotte, NC 28202 | 10.00 | Services |
| 08/12/2026 | United Health Care<br>PO Box 0376<br>Atlanta, GA 30374-0376 | 16,824.12 | Services |
| 09/10/2026 | United Health Care<br>PO Box 0376<br>Atlanta, GA 30374-0376 | 16,824.12 | Services |
| 10/13/2026 | United Health Care<br>PO Box 0376<br>Atlanta, GA 30374-0376 | 10,872.78 | Services |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.04 | Transfers Benefiting Insiders**

| Date | Insider / Mailing Address | Amount ($) | Relationship | Reason |
|---|---|---|---|---|
| 10/30/2025 | John B Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 11/14/2025 | John B Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 11/28/2025 | John B Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 12/15/2025 | John B Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 12/31/2025 | John B Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 07/30/2026 | John B Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 08/14/2026 | John B Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 08/28/2026 | John B Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 09/15/2026 | John B Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 09/30/2026 | John B Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 10/15/2026 | John B Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.04 | Transfers Benefiting Insiders**

| Date | Insider / Mailing Address | Amount ($) | Relationship | Reason |
|---|---|---|---|---|
| 10/30/2025 | John B Henry<br>ADDRESS ON FILE | 4,428.57 | Officer / Shareholder | 401K match |
| 11/14/2025 | John B Henry<br>ADDRESS ON FILE | 2,360.88 | Officer / Shareholder | Expense reiumbursement |
| 10/30/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 11/14/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 11/28/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 12/15/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 12/31/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 08/28/2026 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 09/15/2026 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 09/30/2026 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 10/15/2026 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.04 | Transfers Benefiting Insiders**

| Date | Insider / Mailing Address | Amount ($) | Relationship | Reason |
|---|---|---|---|---|
| 10/30/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 4,988.09 | Officer / Shareholder | 401K match |
| 11/14/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 4,988.09 | Officer / Shareholder | 401K match |
| 11/28/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 3,476.22 | Officer / Shareholder | 401K match |
| 12/15/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 1,071.42 | Officer / Shareholder | 401K match |
| 08/28/2026 | Cloyd Laporte III<br>ADDRESS ON FILE | 3,916.66 | Officer / Shareholder | 401K match |
| 09/15/2026 | Cloyd Laporte III<br>ADDRESS ON FILE | 3,916.66 | Officer / Shareholder | 401K match |
| 09/30/2026 | Cloyd Laporte III<br>ADDRESS ON FILE | 3,916.66 | Officer / Shareholder | 401K match |
| 10/15/2026 | Cloyd Laporte III<br>ADDRESS ON FILE | 3,916.66 | Officer / Shareholder | 401K match |
| 10/30/2025 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 11/14/2025 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 11/28/2025 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.04 | Transfers Benefiting Insiders**

| Date | Insider / Mailing Address | Amount ($) | Relationship | Reason |
|---|---|---|---|---|
| 12/15/2025 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 12/31/2025 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 01/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 01/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 02/13/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 02/27/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 03/13/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 03/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 04/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 04/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 05/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.04 | Transfers Benefiting Insiders**

| Date | Insider / Mailing Address | Amount ($) | Relationship | Reason |
|---|---|---|---|---|
| 05/29/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 06/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 06/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 07/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 07/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 8,333.34 | Officer | Gross Wages |
| 08/14/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 8,333.34 | Officer | Gross Wages |
| 08/28/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 8,333.34 | Officer | Gross Wages |
| 09/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 8,333.34 | Officer | Gross Wages |
| 09/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 8,333.34 | Officer | Gross Wages |
| 10/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 8,333.34 | Officer | Gross Wages |
| 10/30/2025 | Gregory T Doyle<br>ADDRESS ON FILE | 2,427.94 | Officer | Expense reiumbursement |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.04 | Transfers Benefiting Insiders**

| Date | Insider / Mailing Address | Amount ($) | Relationship | Reason |
|---|---|---|---|---|
| 01/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,145.00 | Officer | Expense reiumbursement |
| 04/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 7,500.00 | Officer | Expense reiumbursement |
| 01/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 01/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 02/13/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 02/27/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 03/13/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 03/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 04/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 04/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 05/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.04 | Transfers Benefiting Insiders**

| Date | Insider / Mailing Address | Amount ($) | Relationship | Reason |
|---|---|---|---|---|
| 05/29/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 06/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 06/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 07/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 10/30/2025 | Scott R Marks<br>ADDRESS ON FILE | 10,000.00 | Former Officer | Gross Wages |
| 11/14/2025 | Scott R Marks<br>ADDRESS ON FILE | 10,000.00 | Former Officer | Gross Wages |
| 11/28/2025 | Scott R Marks<br>ADDRESS ON FILE | 10,000.00 | Former Officer | Gross Wages |
| 12/15/2025 | Scott R Marks<br>ADDRESS ON FILE | 10,000.00 | Former Officer | Gross Wages |
| 12/31/2025 | Scott R Marks<br>ADDRESS ON FILE | 10,000.00 | Former Officer | Gross Wages |
| 01/15/2026 | Scott R Marks<br>ADDRESS ON FILE | 215,666.67 | Former Officer | Gross Wages |
| 01/30/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.02.04 | Transfers Benefiting Insiders**

| Date | Insider / Mailing Address | Amount ($) | Relationship | Reason |
|---|---|---|---|---|
| 02/13/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 02/27/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 03/13/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 03/30/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 04/15/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 04/30/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 05/15/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 05/29/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 10/30/2025 | Scott R Marks<br>ADDRESS ON FILE | 1,183.83 | Former Officer | Expense reiumbursement |
| 02/13/2026 | Scott R Marks<br>ADDRESS ON FILE | 340.00 | Former Officer | Expense reiumbursement |
| 03/30/2026 | Scott R Marks<br>ADDRESS ON FILE | 412.97 | Former Officer | Expense reiumbursement |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.06.11 | Payments Related to Bankruptcy**

| Date | Recipient / Mailing Address | Amount ($) | Website / Email | Notes |
|---|---|---|---|---|
| 10/26/2026 | Ice Miller LLP<br>500 Delaware Ave<br>Suite 220<br>Wilmington, DE 19801 | 10,000.00 | www.icemiller.com | |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.06.13 | Transfers Not Otherwise Listed**

| Date | Recipient / Mailing Address | Amount ($) | Relationship | Property / Description |
|---|---|---|---|---|
| | John B. Henry<br>ADDRESS ON FILE | 50,000.00 | Officer | Promissory Note |
| | John B. Henry<br>ADDRESS ON FILE | 50,000.00 | Officer | Promissory Note |
| | John B. Henry<br>ADDRESS ON FILE | 150,000.00 | Officer | Promissory Note |
| | John B. Henry<br>ADDRESS ON FILE | 150,000.00 | Officer | Promissory Note |
| | John B. Henry<br>ADDRESS ON FILE | 250,000.00 | Officer | Promissory Note |
| | John B. Henry<br>ADDRESS ON FILE | 150,000.00 | Officer | Promissory Note |
| | John B. Henry<br>ADDRESS ON FILE | 250,000.00 | Officer | Promissory Note |
| | John B. Henry<br>ADDRESS ON FILE | 250,000.00 | Officer | Promissory Note |
| | John B. Henry<br>ADDRESS ON FILE | 50,000.00 | Officer | Promissory Note |
| | John B. Henry<br>ADDRESS ON FILE | 150,000.00 | Officer | Promissory Note |
| | John B. Henry<br>ADDRESS ON FILE | 200,000.00 | Officer | Promissory Note |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.06.13 | Transfers Not Otherwise Listed**

| Date | Recipient / Mailing Address | Amount ($) | Relationship | Property / Description |
|---|---|---|---|---|
| | John B. Henry<br>ADDRESS ON FILE | 82,570.00 | Officer | Promissory Note |
| | John B. Henry<br>ADDRESS ON FILE | 150,000.00 | Officer | Promissory Note |
| | John B. Henry<br>ADDRESS ON FILE | 150,000.00 | Officer | Promissory Note |
| | John B. Henry<br>ADDRESS ON FILE | 150,000.00 | Officer | Promissory Note |
| | Cloyd Laporte III<br>ADDRESS ON FILE | 150,000.00 | Officer | Promissory Note |
| | Cloyd Laporte III<br>ADDRESS ON FILE | 141,930.00 | Officer | Promissory Note |
| | Cloyd Laporte III<br>ADDRESS ON FILE | 49,120.00 | Officer | Promissory Note |
| | Cloyd Laporte III<br>ADDRESS ON FILE | 141,930.00 | Officer | Promissory Note |
| | Cloyd Laporte III<br>ADDRESS ON FILE | 500,000.00 | Officer | Promissory Note |
| | Cloyd Laporte III<br>ADDRESS ON FILE | 200,000.00 | Officer | Promissory Note |
| | Cloyd Laporte III<br>ADDRESS ON FILE | 141,930.00 | Officer | Promissory Note |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.06.13 | Transfers Not Otherwise Listed**

| Date | Recipient / Mailing Address | Amount ($) | Relationship | Property / Description |
|---|---|---|---|---|
| | Cloyd Laporte III<br>ADDRESS ON FILE | 141,930.00 | Officer | Promissory Note |
| | Cloyd Laporte III<br>ADDRESS ON FILE | 79,237.08 | Officer | Promissory Note |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.13.30 | Payments and Distributions to Insiders**

| Date | Insider / Mailing Address | Amount ($) | Relationship | Reason |
|---|---|---|---|---|
| 06/29/2026 | John B. Henry<br>ADDRESS ON FILE | 50,000.00 | Officer / Shareholder | Loan |
| 05/22/2026 | John B. Henry<br>ADDRESS ON FILE | 50,000.00 | Officer / Shareholder | Loan |
| 10/30/2025 | John B. Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 11/14/2025 | John B. Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 11/28/2025 | John B. Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 12/15/2025 | John B. Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 12/31/2025 | John B. Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 07/30/2026 | John B. Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 08/14/2026 | John B. Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 08/28/2026 | John B. Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 09/15/2026 | John B. Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 09/30/2026 | John B. Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |
| 10/15/2026 | John B. Henry<br>ADDRESS ON FILE | 21,666.67 | Officer / Shareholder | Gross Wages |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.13.30 | Payments and Distributions to Insiders**

| Date | Insider / Mailing Address | Amount ($) | Relationship | Reason |
|---|---|---|---|---|
| 10/30/2025 | John B. Henry<br>ADDRESS ON FILE | 4,428.57 | Officer / Shareholder | 401K match |
| 11/14/2025 | John B. Henry<br>ADDRESS ON FILE | 2,360.88 | Officer / Shareholder | Expense reiumbursement |
| 10/30/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 11/14/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 11/28/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 12/15/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 12/31/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 08/28/2026 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 09/15/2026 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 09/30/2026 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 10/15/2026 | Cloyd Laporte III<br>ADDRESS ON FILE | 20,833.34 | Officer / Shareholder | Gross Wages |
| 10/30/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 4,988.09 | Officer / Shareholder | 401K match |
| 11/14/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 4,988.09 | Officer / Shareholder | 401K match |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.13.30 | Payments and Distributions to Insiders**

| Date | Insider / Mailing Address | Amount ($) | Relationship | Reason |
|---|---|---|---|---|
| 11/28/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 3,476.22 | Officer / Shareholder | 401K match |
| 12/15/2025 | Cloyd Laporte III<br>ADDRESS ON FILE | 1,071.42 | Officer / Shareholder | 401K match |
| 08/28/2026 | Cloyd Laporte III<br>ADDRESS ON FILE | 3,916.66 | Officer / Shareholder | 401K match |
| 09/15/2026 | Cloyd Laporte III<br>ADDRESS ON FILE | 3,916.66 | Officer / Shareholder | 401K match |
| 09/30/2026 | Cloyd Laporte III<br>ADDRESS ON FILE | 3,916.66 | Officer / Shareholder | 401K match |
| 10/15/2026 | Cloyd Laporte III<br>ADDRESS ON FILE | 3,916.66 | Officer / Shareholder | 401K match |
| 10/30/2025 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 11/14/2025 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 11/28/2025 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 12/15/2025 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 12/31/2025 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 01/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 01/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.13.30 | Payments and Distributions to Insiders**

| Date | Insider / Mailing Address | Amount ($) | Relationship | Reason |
|---|---|---|---|---|
| 02/13/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 02/27/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 03/13/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 03/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 04/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 04/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 05/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 05/29/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 06/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 06/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 07/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 16,666.67 | Officer | Gross Wages |
| 07/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 8,333.34 | Officer | Gross Wages |
| 08/14/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 8,333.34 | Officer | Gross Wages |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.13.30 | Payments and Distributions to Insiders**

| Date | Insider / Mailing Address | Amount ($) | Relationship | Reason |
|---|---|---|---|---|
| 08/28/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 8,333.34 | Officer | Gross Wages |
| 09/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 8,333.34 | Officer | Gross Wages |
| 09/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 8,333.34 | Officer | Gross Wages |
| 10/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 8,333.34 | Officer | Gross Wages |
| 10/30/2025 | Gregory T Doyle<br>ADDRESS ON FILE | 2,427.94 | Officer | Expense reiumbursement |
| 01/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,145.00 | Officer | Expense reiumbursement |
| 04/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 7,500.00 | Officer | Expense reiumbursement |
| 01/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 01/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 02/13/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 02/27/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 03/13/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 03/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.13.30 | Payments and Distributions to Insiders**

| Date | Insider / Mailing Address | Amount ($) | Relationship | Reason |
|---|---|---|---|---|
| 04/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 04/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 05/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 05/29/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 06/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 06/30/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 07/15/2026 | Gregory T Doyle<br>ADDRESS ON FILE | 1,666.66 | Officer | 401K match |
| 10/30/2025 | Scott R Marks<br>ADDRESS ON FILE | 10,000.00 | Former Officer | Gross Wages |
| 11/14/2025 | Scott R Marks<br>ADDRESS ON FILE | 10,000.00 | Former Officer | Gross Wages |
| 11/28/2025 | Scott R Marks<br>ADDRESS ON FILE | 10,000.00 | Former Officer | Gross Wages |
| 12/15/2025 | Scott R Marks<br>ADDRESS ON FILE | 10,000.00 | Former Officer | Gross Wages |
| 12/31/2025 | Scott R Marks<br>ADDRESS ON FILE | 10,000.00 | Former Officer | Gross Wages |
| 01/15/2026 | Scott R Marks<br>ADDRESS ON FILE | 215,666.67 | Former Officer | Gross Wages |

**DryStone Capital Corporation | Case No. 26-11680**
**EXHIBIT 207.13.30 | Payments and Distributions to Insiders**

| Date | Insider / Mailing Address | Amount ($) | Relationship | Reason |
|---|---|---|---|---|
| 01/30/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 02/13/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 02/27/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 03/13/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 03/30/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 04/15/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 04/30/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 05/15/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 05/29/2026 | Scott R Marks<br>ADDRESS ON FILE | 11,666.67 | Former Officer | Gross Wages |
| 10/30/2025 | Scott R Marks<br>ADDRESS ON FILE | 1,183.83 | Former Officer | Expense reiumbursement |
| 02/13/2026 | Scott R Marks<br>ADDRESS ON FILE | 340.00 | Former Officer | Expense reiumbursement |
| 03/30/2026 | Scott R Marks<br>ADDRESS ON FILE | 412.97 | Former Officer | Expense reiumbursement |

**DryStone Capital Corporation | 26-11680**
**Supplemental disclosure | Section 207.13.26**

| Subquestion | Name and Mailing Address | Dates / Notes |
|---|---|---|
| 207.13.26A | RH CPAs PLLC<br>212 W. Center St.<br>Lexington, NC 27292 | From: Unknown \| To: 10/26/2026 |
| 207.13.26D | Tennessee Insurance Division<br>500 James Robertson Pkwy<br>Nashville, TN 37243 | |

*Remaining accountants and statement recipients which did not fit on form.*